```
                      UNITED STATES DISTRICT COURT
                     CENTRAL DISTRICT OF CALIFORNIA
                             WESTERN DIVISION


                          CIVIL MINUTES--GENERAL

Case No. CV 16-1378 CAS (AJWx)                    Date: February 3, 2017

Title: Gordon Feller, et al. v. Transamerica Life Insurance Company
==================================================================
  PRESENT:     HON. ANDREW J. WISTRICH, MAGISTRATE JUDGE

            Kerri Hays                            n/a
          Deputy Clerk                       Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:
        None Present                          None Present
```

**ORDER REGARDING PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS WITHOUT REDACTION [Dkt. No. 166]**

Defendant apparently has produced some documents containing relevant information from which material that defendant contends is irrelevant and confidential has been unilaterally redacted. [JS at 5-6, 29-30]. Defendant does not contend that any of the redactions are based on privilege; it merely argues that the redacted material is confidential and irrelevant.

Although narrow redactions occasionally may be a practical solution when privileged or highly sensitive irrelevant information is contained in a document also containing unprivileged relevant information, the practice is usually discouraged for good reason. It may conceal potentially relevant information, hinder the understanding of the unredacted portions of documents, engender suspicion, necessitate an in camera review (which burdens the court and interferes with the proper functioning of the adversary process), and increase litigation expense and delay by prompting the filing of motions like this one.

The relevance of the redacted information is disputed. At least some of it seems relevant, and defendant's redactions appear to have interfered with plaintiffs' ability to use information to which they are entitled. [Stern Decl., paras. 7-12] The redacted information also may shed light on defendant's motivation for the actions it took. Defendant's arguments concerning relevance are not themselves a convincing reason for allowing defendant's redactions. Nor is defendant's claim that the information is confidential, in view of the protective order already entered in this case. Although such orders may not always absolutely guarantee that confidentiality will be maintained, they are sufficient in nearly every case. Nothing suggests that plaintiffs' counsel cannot be trusted. Therefore, the

motion is **granted**.  Defendant must produce the responsive documents without redaction within 7 days. Defendant also must refrain from unilateral redaction based on relevance in the future.  Plaintiffs' counsel are reminded of their obligation to comply with the protective order.  Any failure to do so will not be tolerated and may be punished harshly.

**IT IS SO ORDERED.**

cc:  Parties