UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:     Attorneys Present for Defendants:

Not Present     Not Present

**Proceedings:**     [REDACTED] - TRANSAMERICA'S MOTION TO DISMISS PLAINTIFF ERIC SCHNECK FOR LACK OF PERSONAL JURISDICTION (Filed September 18, 2017, dkt. 315)

## I. INTRODUCTION & BACKGROUND

On February 28, 2016, Gordon Feller, Mary Feller, George Zacharia, and Margaret Zacharia filed a class action in this court seeking certification of a nationwide class against Transamerica Life Insurance Company ("Transamerica") challenging a monthly deduction rate ("MDR") increase imposed on holders of life insurance policies issued by Transamerica. Dkt. 1.

On March 25, 2016, Andrew Kriegman filed a second class action case in the Southern District of Florida challenging Transamerica's same MDR increase in 2015. Kriegman v. Transamerica Life Insurance Company, Case No. 1:16-cv-21074. The Kriegman case sought certification of a nationwide class. On April 25, 2016, Gail and Lois Thompson filed a third class action in the Southern District of California, also seeking certification of a nationwide class. Thompson v. Transamerica Life Insurance Company, Case No. 3:16-cv-1007.

On May 3, 2016, Transamerica filed a motion before the United States Judicial Panel on Multidistrict Litigation ("JPML"), seeking transfer of all three actions to the Northern District of Iowa. Dkt. 22. Before the JPML ruled on Transamerica's motion, the Thompson and Kriegman plaintiffs voluntarily dismissed their cases, filed in the other districts and refiled them in the Central District of California. The newly-filed cases were related to the Feller case and consolidated for pretrial purposes.

On June 10, 2016, plaintiffs filed a Consolidated Amended Class Action Complaint in this Court. Dkt. 68. On August 18, 2017, plaintiffs filed a Second

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Consolidated Amended Class Action Complaint. Dkt. 293 ("SAC"). In the SAC, Gordon Feller, Mary Feller, Gerald Lyons, Donna M., Clarence White, Gail Thompson, individually and under a power of attorney for Lois Thompson, Andrew Kriegman, as trustee for the Adrienne L. Hendler Revocable Trust, the Elizabeth Kriegman Revocable Trust, the Patricia Sokolow Revocable Trust, and Eric Schneck, as trustee for the Burton I. Schneck Irrevocable Life Insurance Trust, assert seven claims against Transamerica on behalf of themselves and all others similarly situated. Id. Specifically, the complaint alleges claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the duty of good faith and fair dealing; (4) violation of California's Unfair Competition Law ("UCL"), pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq.; (5) declaratory relief; (6) preliminary and permanent injunctive relief; and (7) elder abuse, pursuant to Cal. Welf. & Inst. Code §§ 15657.5, et seq.[1] Id.

On September 18, 2017, relying on the Supreme Court's decision in Bristol-Myers Squibb Co. v. Superior Court, 582 U.S. ___, 137 S. Ct. 1773 (2017) ("BMS"), Transamerica filed the instant motion to dismiss for lack of jurisdiction with respect to plaintiff Eric Schneck ("Schneck"). Dkt. 314 ("MTD"). On November 7, 2017, plaintiffs filed their opposition, dkt. 342 ("MTD Opp'n"), and filed the Declaration of Adam M. Moskowitz in support of their opposition, dkt. 320 ("Moskowitz Decl."). Transamerica filed its reply on October 30, 2017, dkt. 328 ("MTD Reply"), and filed the Declaration of Nancy R. Thomas, dkt. 329 ("MTD Thomas Decl."), and the Declaration of Christi Kintzel, dkt. 330 ("MTD Kintzel Decl.") in support of its reply.

## II. LEGAL STANDARD

### A. Lack of Personal Jurisdiction

When a defendant moves to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of demonstrating that the court may properly exercise personal jurisdiction over the defendant. Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154 (9th Cir. 2006). Where, as here, a court decides such a motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of jurisdictional facts to withstand the motion to dismiss. Ballard v. Savage, 65 F.3d 1495, 1498 (9th Cir. 1995); Doe v. Unocal Corp., 27 F. Supp. 2d 1174, 1181 (C.D.

---

[1] The background of plaintiffs' assertions as alleged in the SAC is described in the Court's December 11, 2017 order on plaintiffs' motion for class certification.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**[REDACTED] CIVIL MINUTES – GENERAL**  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Cal. 1998), aff'd, 248 F.3d 915 (9th Cir. 2001). The plaintiff's alleged version of the facts is taken as true for purposes of the motion if not directly controverted. AT & T v. Compagnie Bruxelles Lambert, 94 F.3d 586, 588 (9th Cir. 1996); Unocal, 27 F. Supp. 2d at 1181. If the defendant adduces evidence controverting the allegations, however, the plaintiff may not rely on his pleadings, but must "come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986) (quotation marks omitted). Any "conflicts between the facts contained in the parties' affidavits must be resolved in [plaintiff's] favor for purposes of deciding whether a prima facie case for personal jurisdiction exists." AT & T, 94 F.3d at 588–89 (quotation marks omitted).

Generally, personal jurisdiction exists if (1) it is permitted by the forum state's long-arm statute and (2) the "exercise of that jurisdiction does not violate federal due process." Pebble Beach, 453 F.3d at 1154–55.

California's long-arm jurisdictional statute is coextensive with federal due process requirements, so that the jurisdictional analysis under state law and federal due process are the same. Cal. Civ. Proc. Code § 410.10; Roth v. Garcia Marquez, 942 F.2d 617, 620 (9th Cir. 1991). In order for a court to exercise personal jurisdiction over a nonresident defendant, that defendant must have "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). Depending on the nature of the contacts between the defendant and the forum state, personal jurisdiction is characterized as either general or specific.

**1. General Jurisdiction**

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915, 919 (2011) (citation omitted). Whether a defendant's contacts are sufficiently substantial, continuous, and systematic for an exercise of general jurisdiction depends upon a defendant's "[l]ongevity, continuity, volume, economic impact, physical presence, and integration into the state's regulatory or economic markets." Mavrix Photo, Inc. v. Brand Techs., Inc., 647 F.3d 1218, 1224 (9th Cir. 2011) (quotation marks omitted); see also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
|---|---|---|---|
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Bancroft & Masters, Inc. v. Augusta Nat. Inc., 223 F.3d 1082, 1086 (9th Cir. 2000) ("Factors to be taken into consideration are whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there."). Occasional sales to residents of the forum state are insufficient to create general jurisdiction. See Brand v. Menlove Dodge, 796 F.2d 1070, 1073 (9th Cir. 1986). This standard is exacting, "because a finding of general jurisdiction permits a defendant to be haled into court in the forum state to answer for any of its activities anywhere in the world." Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 801 (9th Cir. 2004).

**2. Specific Jurisdiction**

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. Rano v. Sipa Press, Inc., 987 F.2d 580, 588 (9th Cir. 1993). The test for specific personal jurisdiction has three parts:

> (1) The defendant must perform an act or consummate a transaction within the forum, purposefully availing himself of the privilege of conducting activities in the forum and invoking the benefits and protections of its laws;
>
> (2) The claim must arise out of or result from the defendant's forum-related activities; and
>
> (3) Exercise of jurisdiction must be reasonable.

Id.; see also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475–76 (1985). The plaintiff bears the burden of satisfying the first two prongs, and if either is not satisfied, personal jurisdiction is not established. Schwarzenegger, 374 F.3d at 802.

In contracts cases, courts conduct a "purposeful availment" analysis to determine the first prong of the specific jurisdiction test.[2] Id. Because a contract is "ordinarily but

---

[2] Transamerica's motion to dismiss for lack of personal jurisdiction is directed only at Schneck, and because Schneck is a nonresident plaintiff alleging breach of contract—and not the California-based tort claims for unfair competition and elder abuse—the Court applies the purposeful availment standard for contract cases for purposes of its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

an intermediate step serving to tie up prior business negotiations with future consequences which themselves are the real object of the business transaction," a court must evaluate four factors to determine whether purposeful availment has occurred: (1) prior negotiations, (2) contemplated future consequences, (3) the terms of the contract, and (4) the parties' actual course of dealing. Burger King, 471 U.S. at 478–79. A single contract for the sale of goods to a plaintiff in the forum state may be sufficient for specific jurisdiction over a defendant, but only where the contract creates a "substantial connection" with the forum state. Boschetto v. Hansing, 539 F.3d 1011, 1017 (9th Cir. 2008). "The foreseeability of causing injury in another state is not a sufficient basis on which to exercise jurisdiction," without more. Gray & Co. v. Firstenberg Mach. Co., Inc., 913 F.2d 758, 760 (9th Cir. 1990).

    If the plaintiff establishes the first two prongs regarding purposeful availment and the defendant's forum-related activities, then it is the defendant's burden to "present a compelling case" that the third prong, reasonableness, has not been satisfied. Schwarzenegger, 374 F.3d at 802 (quoting Burger King, 471 U.S. at 477). The third prong requires the Court to balance seven factors: (1) the extent of the defendant's purposeful availment, (2) the burden on the defendant, (3) conflicts of law between the forum state and the defendant's state, (4) the forum's interest in adjudicating the dispute, (5) judicial efficiency, (6) the plaintiff's interest in convenient and effective relief, and (7) the existence of an alternative forum. Roth, 942 F.2d at 623.

### III. DISCUSSION

#### A. Motion to Dismiss

    Schneck is a citizen of Florida and a co-trustee of the Schneck Trust, which is the beneficiary of a TransUltra EX policy issued by Transamerica on October 22, 2003 that insured the life of Burton Schneck. SAC ¶ 15. On September 2, 2016, Schneck received notice that Transamerica had decided to increase the MDR on the Schneck policy. On August 18, 2017, plaintiffs joined Schneck as a named plaintiff in the SAC. SAC ¶ 15.

    Transamerica argues that personal jurisdiction with respect to Schneck's claims is not appropriate after the Supreme Court's recent decision in BMS. 137 S. Ct. 1773 (2017). First, Transamerica argues that it does not have such "substantial" or "continuous and systematic" contacts with California as to render it "essentially at home" here for purposes of general jurisdiction. MTD at 1, 6–7. Second, Transamerica argues

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

that Schneck's claims do not arise out of California-related conduct, and instead Schneck seeks damages stemming from alleged wrongdoings that Transamerica committed in Iowa as to a policy issued in New Jersey to a New Jersey trust. MTD at 1, 7–10. Transamerica cites to the Supreme Court's decision in BMS and contends that, just as the non-resident plaintiff's claims in BMS failed to demonstrate an "adequate link" between the forum and the specific claims, Schneck fails to demonstrate a nexus between his claims and the forum state. MTD at 8–9 (citing BMS, 137 S. Ct. 1773 at 1780–81). Transamerica contends that this is particularly true in light of the fact that Schneck admits his claims are "exclusively premised" on Transamerica's decision to increase MDRs—a decision that was made and implemented in Transamerica's Iowa headquarters. Id. at 9. In sum, Transamerica contends that neither Schneck nor the Schneck Trust can allege injury in California. Id. (citing BMS, 137 S. Ct. at 1782).

Schneck raises three arguments in opposition. First, he argues that Transamerica has "forever waived" any objection to this Court's exercise of personal jurisdiction as to the claims of non-California residents because it failed to raise that argument in its original motion to dismiss, because it litigated these claims for the past year, and because it stipulated to the joinder of Schneck in August 2017, without objecting to personal jurisdiction. MTD Opp'n at 1, 8–11. Second, Schneck contends that specific and general jurisdiction exist with respect to his claims. Id.

With respect to specific jurisdiction, Schneck cites to the Ninth Circuit's "but-for" test that determines whether a particular claim arises out of forum-related activities and argues that, under this test, "any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." Id. at 12 (quoting Dubose v. Bristol-Myers Squibb Co., No. 17-cv-00244-JST, 2017 WL 2775034, at *3 (N.D. Cal. June 27, 2017)). Schneck contends that his claims share a "direct nexus" with Transamerica's California-related activities because Transamerica priced and issued the policies out of California, which is critical to establishing its effort to recoup its past losses in breach of the policy contract. Id. at 13. Next, Schneck argues that Transamerica signed Schneck's policy in Los Angeles. Id. at 13–14. Furthermore, Schneck contends that Transamerica issued an illustration from its Los Angeles office to the Schneck Trust prior to executing the policy, that an amendment to the policy application identifies Los Angeles as Transamerica's home office, and that Transamerica directed the Schneck Trust to mail premiums to a location in Los Angeles. Id. at 14.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

With respect to general jurisdiction, Schneck argues that courts consider several factors in determining general jurisdiction, including "whether the defendant makes sales, solicits or engages in business in the state, serves the state's markets, designates an agent for service of process, holds a license, or is incorporated there." Id. at 16 (citing this Court's order in Lewis v. Travertine, Inc., No. 17-cv-00016-CAS-JC, 2017 WL 1511292, at *3 (C.D. Cal. Apr. 24, 2017). Transamerica is registered to do business in California and has "continuing, systematic business operations in California." Id. at 17.

Schneck argues that the August 17, 2017 stipulation to the filing of the SAC was a waiver of Transamerica's jurisdictional defenses, and second, that Transamerica's failure to move to dismiss Kreigman and the Whites after the filing of the initial complaint is essentially a waiver of Transamerica's defenses in the instant motion. The August 17, 2017 stipulation, dkt. 291, provides that "Transamerica will have 30 days from the Filed Date to respond to the SAC." Nothing in the stipulation appears to waive Transamerica's defenses with respect to the SAC. In consideration of Schneck's second argument, the reasoning in BMS makes clear that it was not announcing a new rule in regards to the principles of specific jurisdiction. See BMS, 137 S. Ct. 1773 at 1783. Accordingly, the same jurisdictional defenses were available to Transamerica at the time of the filing of the initial complaint and the SAC. Yet, in contrast to Schneck, the Whites lived in Los Angeles when their policies issued. SAC ¶ 9. Moreover, Kriegman is trustee for policies that were issued from Transamerica's Los Angeles office. SAC ¶ 7. Thus, Kriegman and the Whites' ties to California appear at first blush to be stronger than Schneck's ties to California, and it is not clear that Transamerica would have had a viable basis for challenging personal jurisdiction with respect to their claims. The Court concludes that Transamerica has not waived its jurisdictional defenses with respect to the SAC.

Nevertheless, the Court rejects Transamerica's personal jurisdiction defense for two other reasons. First, the factual allegations at issue in BMS distinguish that case from the instant action. BMS concerned a mass tort action in California state court in which plaintiffs alleged state-law claims based on injuries allegedly caused by a BMS drug called Plavix. 137 S. Ct. 1773 at 1778. BMS, a citizen of Delaware and New York, challenged the Superior Court's personal jurisdiction over it. Id. at 1777-78. The United States Supreme Court rejected the California Supreme Court's endorsement and application of California's "sliding scale approach to specific jurisdiction," in which the California Supreme Court "permitted the exercise of specific jurisdiction based on a less direct connection between BMS's forum activities and plaintiffs' claims than might

Case 2:16-cv-01378-CAS-AJW   Document 358   Filed 12/11/17   Page 8 of 13   Page ID #:11868

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

otherwise be required." Id. at 1778–79 (citations and quotations omitted). The Court determined that its "settled principles" regarding specific jurisdiction controlled and required an "affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." Id. at 1780–81. The Court reasoned that the nonresident plaintiffs in BMS failed to allege that they obtained, ingested, or were prescribed Plavix in California, and therefore these plaintiffs failed to identify an "adequate link" between California and their claims. Id. at 1781. Moreover, the Court reasoned that "all the conduct giving rise to the nonresidents' claims occurred elsewhere." Id. at 1782. The Court left open the question as to whether "the Fifth Amendment imposes the same restrictions on the exercise of personal jurisdiction by a federal court." Id. at 1783–84 (citations omitted).

The Court observes that, unlike the plaintiffs in BMS, Schneck sufficiently alleges facts that demonstrate an "adequate link" between California and his claims. As set forth previously, Transamerica's policies were originally priced at its then-home office in California, and Transamerica signed the Schneck policy in Los Angeles. Id. at 13–14. Furthermore, Transamerica allegedly issued an illustration from its Los Angeles office to the Schneck Trust prior to executing the Policy, and an amendment to the policy application identifies Los Angeles as Transamerica's home office.[3] Id. at 14. Unlike the defendant in BMS, which did not develop Plavix in California, did not create a marketing strategy for it in California, and did not "manufacture, label, package, or work on the regulatory approval of the product in California," Transamerica allegedly conducted key aspects of the policy formation and allegedly planned, in part, the ultimate MDR increase in California. See BMS, 137 S. Ct. 1773 at 1778. In particular, Transamerica determined the original pricing assumptions for the policies in California, MTD Opp'n at 13; conducted part of the data analysis for the MDR increases in California, id. at 15; based members of the MDR increase project team in California, dkt. 90-1 ¶ 3; developed the MDR increase notices in California, dkt. 90-1 ¶ 4; dkt. 107-6 at 35:23-36:16; and employed the Transamerica employee responsible for administratively implementing the MDR increases in California, Moskowitz Decl. & Ex. E at 18:21-19:25; dkt. 193-5.

---

[3] As recently as September 29, 2017, Transamerica directed the Schneck Trust to mail premiums to a location in Los Angeles. Moskowitz Decl. & Ex. B. However, Transamerica demonstrates that, between 2009 and 2016, Transamerica sent "Reminder Notices" to Schneck that directed premium payments to an Ohio address. Kintzel Decl. & Ex. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

These facts sufficiently distinguish Schneck's claims from BMS, where plaintiffs failed to show an affiliation between the forum and their claims. BMS, 137 S. Ct. 1773 at 1778. Transamerica's in-state policy formation—with respect to the original MDR calculations—and its in-state data analysis and administrative work—with respect to the 2016 MDR increases—demonstrate the "adequate link" that was missing in BMS.

Second, the Court rejects Transamerica's personal jurisdiction defense because Schneck proffers evidence that demonstrates specific jurisdiction. The first prong of the specific jurisdiction analysis concerns Transamerica's purposeful availment of the privileges of conducting activities in the California. See Picot v. Weston, 780 F.3d 1206, 1211 (9th Cir. 2015). For a case sounding in contract, "[a] showing that [Transamerica] purposefully availed [itself] of the privilege of doing business in a forum state typically consists of evidence of [Transamerica's] actions in the forum, such as executing or performing a contract there." Schwarzenegger, 374 F.3d 797 at 802. Transamerica contends that it did not purposefully avail itself of privileges of the forum *with respect to Schneck's Trust policy*. Reply at 4–5. The Court observes, however, that Schneck provides facts that demonstrate Transamerica has purposefully availed itself of the privileges of this forum—namely, that Transamerica has registered with the California Secretary of State, SAC ¶ 20, that Transamerica signed Schneck's policy in Los Angeles—which provides part of the basis for Schneck's breach of contract claims, and that Transamerica employees who helped enact the MDR increases were employed in Los Angeles, see MTD Opp'n at 7. Additionally, before Schneck's policy was executed, Transamerica issued an illustration to the Schneck Trust from its Los Angeles office that provided that "Monthly Deduction rates and other contract charges are subject to change, but can never exceed the maximums guaranteed in the contract." Dkt. 300 & Ex. 8. These facts are not "random," "fortuitous," or "attenuated," see Burger King, 471 U.S. at 575, and instead sufficiently demonstrate purposeful availment of the privileges of conducting business in California with respect to Schneck's breach of contract claims. Despite Transamerica's contentions to the contrary, the relevant inquiry with respect to specific jurisdiction is whether Schneck's choice of forum is a *proper* place for personal jurisdiction, not whether it is the *best* place. See Dubose, 2017 WL 2775034, *4.

The second prong requires that *Schneck's claims* arise out of, or relate to, Transamerica's forum-related activities. See Picot, 780 F.3d 1206 at 1211. The Ninth Circuit applies a "but for" test to determine whether claims relate to forum-related activities. Ballard v. Savage, 65 F.3d 1495, 1500 (9th Cir. 1995). Under this test, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

question is: but for Transamerica's conduct in California, would Schneck's claims have arisen? See Id. at 1500. As one district court in the Ninth Circuit has observed, "any event in the causal chain leading to the plaintiff's injury is sufficiently related to the claim to support the exercise of specific jurisdiction." Dubose, 2017 WL 2775034, at *3.

With respect to this prong, Transamerica argues that Schneck's policy was priced and sold *after* Transamerica moved its home office to Iowa, and that the "original pricing of the product purchased by the Schneck trust policy is not an event in the causal chain leading to the plaintiff's injury." MTD Reply at 5. Moreover, Transamerica contends that the following facts have little to no bearing on Schneck's claims: that Transamerica executed the policy in California; that the sales illustration was issued from California; that "the policy application contained outdated and incorrect information regarding Transamerica's home office"; and that a correspondence made a "stray reference" to mailing premiums to Los Angeles. Id. at 6. Transamerica further argues that Schneck "testified that he is not aware of anyone outside of New Jersey, Iowa, or Florida being involved with the Schneck Trust policy." Id. at 6–7.

As an initial matter, the Court observes that Schneck's deposition testimony reveals that he was "not aware" of the location of *any* Transamerica representatives who were involved in the Schneck policy. Thomas Decl. & Ex. 1 at 93:24-95:5. Moreover, Transamerica's assertion that the final decision with respect to the MDR increases was made in Iowa is relevant, but it is only one piece of the analysis—the Court must also consider other relevant factors, such as where Schneck's policy was executed and the circumstances comprising the "but for" chain of causation leading to Schneck's alleged injuries. The Court notes that Transamerica signed the Schneck policy in Los Angeles. Dkt. 298 & Ex. 9 at 173, 178. Additionally, the Court finds that the original pricing of the policies is, indeed, a link in the causal chain leading to Schneck's alleged breach of contract injury. Schneck's breach of contract claim stems from Transamerica's 2016 action with respect to the MDR increase on Schneck's policy. That alleged breach, in turn, is premised upon Transamerica's in-state conduct where it priced and issued the original policies. Whether the MDR increases—including Schneck's 2016 increase—were meant to recoup past losses implicates the original pricing assumptions made by Transamerica. Dkt. 193-2 at 7:4-7. Therefore, the original pricing—which occurred in California—is a necessary link in the causal chain leading to Transamerica's alleged breach of contract.

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Moreover, Schneck demonstrates that Transamerica employed persons in Los Angeles who were allegedly involved in effectuating the 2016 MDR increase: David Goldstein, who was part of the executive team that played a "key role" in the process leading to the MDR increases, dkt. 90-1 ¶ 3; Laura Scully, who developed notices announcing the MDR increases, dkt. 90-1 ¶ 4; and Aliza Klau, an actuary who helped administratively implement the MDR increases, Moskowitz Decl. & Ex. E. Therefore, Schneck makes a prima facie showing that but-for Transamerica's conduct in California and the work of its Los Angeles employees in effectuating the 2016 MDR increase with respect to Schneck's policy, Schneck's claims for breach of contract would not have arisen. Schneck demonstrates an "affiliation between the forum and the underlying controversy." BMS, 137 S. Ct. 1773 at 1781 (quotations and citations omitted).

Turning to the third "reasonableness" prong of the specific jurisdiction analysis, the Court notes that it is Transamerica's burden to demonstrate that the prong has not been satisfied. Schwarzenegger, 374 F.3d at 802. Transamerica does not argue that jurisdiction in this case is unreasonable with respect to the seven factors identified in Roth. Roth, 942 F.2d at 623; see generally MTD; MTD Reply. Assuming arguendo that Transamerica had argued that personal jurisdiction is unreasonable, the Court addresses each of the seven factors in turn.

The first factor considers the extent of Transamerica's purposeful availment. As the Court concluded with respect to the first prong of purposeful availment, Transamerica has purposefully availed itself of the privilege of conducting activities in California. See Roth, 942 F.2d at 623. The second factor considers the burden on Transamerica. See id. "Unless such inconvenience is so great as to constitute a deprivation of due process, it will not overcome clear justifications for the exercise of jurisdiction." See Corp. Inv. Bus. Brokers v. Melcher, 824 F.2d 786, 791 (9th Cir. 1987) (quoting Hirsch v. Blue Cross, Blue Shield of Kansas City, 800 F.2d 1474, 1481 (9th Cir. 1986)). Transamerica maintains continuous business contacts with California. SAC ¶ 20; dkt. 107 ¶ 12 & Ex. E. Transamerica is also registered to do business in California, SAC ¶ 20, and has appointed an agent for service of process who is based in Los Angeles. Moskowitz Decl. & Ex. D. In light of Transamerica's substantial contacts with California, the Court finds that litigating this case in California does not rise to a deprivation of Transamerica's due process rights.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | [REDACTED] CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

The third and fourth factors—the extent of conflict with the sovereignty of Transamerica's state and California's interest in adjudicating the dispute—both reflect that the exercise of personal jurisdiction over Schneck's claim would be reasonable. No conflict arises with the sovereignty of Iowa if this Court exercises personal jurisdiction over Transamerica. Moreover, California has an interest in adjudicating the instant dispute insofar as Schneck's alleged injuries result from conduct occurring in California. Accordingly, each factor weighs in favor of the exercise of jurisdiction.

The fifth factor concerns judicial efficiency. To evaluate this factor, courts look "primarily at where the witnesses and the evidence are likely to be located." Core–Vent Corp. v. Nobel Indus., 11 F.3d 1482, 1489 (9th Cir. 1993) (citation omitted). Schneck's breach of contract claims involve the original pricing assumptions made in Los Angeles, as well as the conduct of Transamerica's Los Angeles employees who helped effectuate the 2016 MDR increase. Accordingly, there are witnesses and evidence located in Los Angeles, and this factor weighs in favor of the exercise of jurisdiction.[4]

The sixth factor considers Schneck's interest in convenient and effective relief. Schneck does not identify the extent of the convenience of this forum, but nevertheless, the Ninth Circuit does not give "much weight to the inconvenience to the plaintiff." Ziegler v. Indian River County, 64 F.3d 470, 476 (9th Cir. 1995). The seventh and final factor considers the existence of an alternative forum. The Court observes that an alternative forum in Iowa exists, and accordingly, this factor weighs against the exercise of jurisdiction.

Taken together, the applicable factors demonstrate that the exercise of personal jurisdiction over Transamerica is reasonable in light of the extent to which it has injected itself into the forum. Accordingly, the Court finds that the exercise of personal

---

[4] Despite the Court's rejection of Schneck's waiver argument, the fact remains that Transamerica will litigate the issues surrounding the MDR increase in California, and as a result, it appears that Transamerica will not suffer any additional burden from litigating Schneck's claims here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

[REDACTED] CIVIL MINUTES – GENERAL  'O'

| | | | |
|---|---|---|---|
| Case No. | 2:16-cv-01378-CAS(AJWx) | Date | December 11, 2017 |
| Title | GORDON FELLER ET AL. v. TRANSAMERICA LIFE INSURANCE COMPANY | | |

jurisdiction over Transamerica with respect to Schneck's claim is proper under the Due Process Clause.[5]

### IV. CONCLUSION

The Court **DENIES** Transamerica's motion to dismiss.

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CMJ |

---

[5] Because the Court concludes there is specific jurisdiction with respect to Transamerica, the Court need not reach the issue of whether Transamerica is subject to general jurisdiction in this forum.