**BONNETT FAIRBOURN**
  **FRIEDMAN & BALINT, PC**
Andrew S. Friedman (*Pro Hac Vice*)
afriedman@bffb.com
Francis J. Balint, Jr. (*Pro Hac Vice*)
fbalint@bffb.com
2325 E. Camelback Road, Suite 300
Phoenix, AZ 85016
Tel: (602) 274-1100
Fax: (602) 274-1199

| | |
|---|---|
| **CONSUMER WATCHDOG**<br>Harvey Rosenfield (SBN: 123082)<br>harvey@consumerwatchdog.org<br>Jerry Flanagan (SBN: 271272)<br>jerry@consumerwatchdog.org<br>6330 San Vicente Blvd., Suite 250<br>Los Angeles, CA 90048<br>Tel: (310) 392-0522<br>Fax: (310) 392-8874 | **THE MOSKOWITZ LAW FIRM**<br>Adam M. Moskowitz (*Pro Hac Vice*)<br>adam@moskowitz-law.com<br>Howard Bushman *(Pro Hac Vice)*<br>howard@moskowitz-law.com<br>2 Alhambra Plaza, Suite 601<br>Coral Gables, FL 33134<br>Tel: (305) 479-5508 |

*Attorneys for Plaintiffs and the Classes*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON AND MARY FELLER, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>Defendant. | Case No. 16-cv-01378 CAS (GJSx)<br><br>CLASS ACTION<br><br>**JOINT DECLARATION OF CO-LEAD COUNSEL IN SUPPORT OF MOTION FOR PRELIMINARY APPROVAL OF PROPOSED NATIONWIDE CLASS ACTION SETTLEMENT AGREEMENT AND PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS**<br><br>Hearing Date:  November 5, 2018<br>Hearing Time: 10:00 am<br>Courtroom:     8D – 8th Floor<br>Judge:     Hon. Christina A. Snyder |

We, Andrew S. Friedman, Adam M. Moskowitz, and Harvey Rosenfield (collectively, "Co-Lead Counsel"), hereby declare as follows:

1.    I, Andrew S. Friedman, am an attorney duly admitted to practice law in the state of Arizona and have been admitted to practice before this Court *pro hac vice*. I am a partner at Bonnett, Fairbourn, Friedman & Balint, P.C. My firm is located in Phoenix, Arizona. I have personal, first-hand knowledge of the matters set forth herein.

2.    I, Adam M. Moskowitz, am an attorney duly admitted to practice law in the state of Florida and have been admitted to practice before this Court *pro hac vice*. I am the founding partner of The Moskowitz Law Firm. My firm is located in Coral Gables, Florida. I have personal, first-hand knowledge of the matters set forth herein.

3.    I, Harvey Rosenfield, am an attorney duly admitted to practice law in the state of California. I am counsel to Consumer Watchdog. My firm is located in Los Angeles, California. I have personal, first-hand knowledge of the matters set forth herein.

4.    We were previously appointed to serve as Co-Lead and Class Counsel ("Class Counsel") in the following consolidated actions (the "Consolidated Actions"):

- *Gordon & Mary Feller and George & Margaret Zacharia v. Transamerica Life Insurance Company*, No. 2:16-cv-01378 (C.D. Cal., filed February 28, 2016);

- *Andrew Kriegman, as trustee, v. Transamerica Life Insurance Company*, No. 1:16-cv-21074-KMW (S.D. Fla., filed March 25, 2016);

- *Lois Thompson and Gail Thompson v. Transamerica Life Insurance Company*, No. 2:16-cv-03361-PA-SK (C.D. Cal., filed May 16, 2016);

- *Gerald R. Lyons v. Transamerica Life Insurance Company*, No. 8:16-cv-00973-CAS-AJW (C.D. Cal., filed May 26, 2016); and

1

- *Donna M. White and Clarence E. White v. Transamerica Life Insurance Company*, No. 2:16-cv-03578-CAS-AJW (C.D. Cal., filed May 23, 2016).

5.    We submit this declaration in support of the proposed class settlement (the "Settlement") reached by the parties in the Consolidated Actions. As discussed below, we attest that the Settlement represents an arm's-length, principled resolution of the litigation. The terms of the proposed Settlement are set forth in the Settlement Agreement and Release attached hereto as Exhibit A.[1]

6.    The Settlement is the product of extensive negotiations between the Parties with the assistance of an experienced and highly-regarded mediator, David Geronemus, associated with JAMS in New York City.

7.    Each of us, acting in our capacity as duly appointed Class Counsel, actively and continuously represented the Settlement Class Members throughout the settlement negotiations. Individually and collectively, we have extensive experience in insurance class actions in general and cost of insurance and insurance pricing litigation in particular. *See* Exhibit B (Firm Resume of Bonnett Fairbourn Friedman and Balint, PC); Exhibit C (Firm Resume of The Moskowitz Law Firm); and, Exhibit D (Firm Resume of Consumer Watchdog). Similarly, the Defendant was also represented by highly qualified and experienced counsel from some of the top law firms in the United States.

8.    Before agreeing to settle the Consolidated Actions, Plaintiffs, through Class Counsel and our experts, conducted extensive formal discovery and a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Consolidated Actions. The investigation included, among other things: (i) review and analysis of the evidence and applicable law, including the review and analysis of approximately one-million pages of documents and data files produced by Transamerica; (ii) consultation with highly-experienced actuarial

---

[1] Capitalized terms in this declaration have the same meaning as the corresponding defined terms in the Settlement Agreement and Release.

and other experts retained by Class Counsel; (iii) taking and defending depositions of fact and expert witnesses; and (iv) engaging in extensive motion practice, including successive motions to dismiss, discovery motion practice, an application for preliminary injunctive relief, and successive motions for class certification.

9. In addition to taking the foregoing actions, Class Counsel also engaged in extensive preparation for fully-informed settlement negotiations. Before meeting in person, the Parties participated in numerous pre-mediation meetings and calls and exchanged additional discovery, information and electronic data. In advance of the meditation, the Parties prepared and exchanged detailed mediation statements addressing liability, damages, and potential settlement structures. In connection with our litigation of the Consolidated Actions, and in furtherance of our pre-mediation preparation, Class Counsel acquired a license to use proprietary software that allowed our consulting actuary to model the MDR Increases using alternative actuarial assumptions. Plaintiffs' actuarial expert also prepared a model to reliably compute the alleged overcharges associated with the MDR Increases and the values and savings resulting from the proposed Settlement Relief.

10. The Parties participated in a full-day mediation session before Mediator Geronemus on June 20, 2018, but did not reach an agreement at that time. Following the in-person mediation session, the Parties continued as part of the ongoing mediation to exchange correspondence and information, and participated in numerous conference calls to negotiate proposed settlement terms. The Parties agreed to the final terms of the proposed Settlement several weeks after the in-person mediation session. The Parties then devoted substantial efforts to preparation of the necessary Settlement documentation, which thereafter was approved by the Plaintiffs and Transamerica.

11. If this case were to proceed to trial, it would certainly have become a battle of the experts, with the Parties advancing competing actuarial analyses. For instance, Transamerica's experts contend that, using our experts' analysis,

3

Transamerica could have raised MDRs as much or more than the contested MDR Increases. On the other hand, Plaintiffs' experts contend that Transamerica's MDR Increases were attempts to recoup past losses in violation of the Policies' contractual terms, actuarial standards of practice, and regulatory constraints.

12. During settlement negotiations, Class Counsel carefully considered and assessed the risks and delays associated with continued protracted litigation.

13. On the whole, Class Counsel carefully balanced the strength of Settlement Class Members' claims and the relevant litigation risks and concluded that the Settlement is an exceptional result because it provides significant and immediate benefits to the Class.

14. Throughout the mediation process, Class Counsel zealously advanced the Settlement Class Members' positions. Class Counsel were fully prepared to proceed with the litigation rather than accept a settlement that was not in the best interests of the Class. As a result, the Settlement was reached only after the factual and legal issues were well-defined and fully developed.

15. We firmly believe that the Settlement Class Members' claims are factually and legally strong and were well-developed through discovery and expert analysis. Class Counsel therefore negotiated the Settlement from a position of strength. The results achieved by the Settlement reflect these strengths. The Settlement provides immediate, crucial economic benefits to the owners of the more than 70,000 Policies subjected to Transamerica's challenged MDR Increases. The Settlement provides automatic infusions into the accumulation values of In-Force Policies and automatic cash payments to Settlement Class Members with Terminated Policies. If approved, the Settlement will establish a $195 million Settlement Common Fund making available to members of the defined Settlement Class very substantial and immediate monetary relief equivalent, before reduction for opt-outs and Plaintiffs' attorneys' fees and costs awarded by the Court, to approximately 62% of all past alleged overcharges. Additionally, Defendant has agreed to pay an

additional amount equal to the first $10 million in attorneys' fees and costs awarded by the Court that would otherwise be borne by the Settlement Class, bringing the total potential cash Settlement benefits to $205 million.  In addition, the Settlement provides for extremely valuable non-cash benefits to the Settlement Class Members, including Defendant's contractual commitment that: (a) it will not impose any additional MDR increases for the next five years unless ordered to do so by regulatory authorities; (b) any future MDR increases will comply with a specified general methodology so as not to recover past losses; and (c) it will not deny future death benefit claims submitted by Settlement Class Members based on any alleged lack of insurable interest or misrepresentations made in connection with the original application process.

16.    The Settlement contains no hint of collusion whatsoever and, to the contrary, review of the entire record—including the contentious class certification motion practice—reveals the intensity of the litigation that had come to a logical point of inflection for settlement. There can be no doubt that the Settlement is the result of hard-fought arm's length bargaining and negotiation.

17.    We support the proposed Settlement in this action and believe that, in terms of benefits to Settlement Class Members, it is fair, reasonable, and a highly successful result for members of the proposed Class.

18.    Accordingly, Plaintiffs and Class Counsel respectfully request that the Court grant preliminary approval of the proposed Settlement in this action.

5

In accordance with 28 U.S.C. § 1746, we declare under penalty of perjury that the above is true and correct.

Executed this 3rd day of October, 2018, at Phoenix, Arizona.

/s/ *Andrew S. Friedman*
Andrew S. Friedman

Executed this 3rd day of October, 2018, at Coral Gables, Florida.

/s/ *Adam M. Moskowitz*
Adam M. Moskowitz

Executed this 3rd day of October, 2018, at Los Angeles, California.

/s/ *Harvey Rosenfield*
Harvey Rosenfield

## ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: October 3, 2018.          By:/s/ *Andrew S. Friedman*
Andrew S. Friedman

6