# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON AND MARY FELLER, and ANDREW KRIEGMAN, as trustee for the ADRIENNE L. HENDLER REVOCABLE TRUST dated 6/4/1993, the ELIZABETH KRIEGMAN REVOCABLE TRUST dated 6/8/1993, and the PATRICIA SOKOLOW REVOCABLE TRUST dated 6/4/1993, and GERALD R. LYONS, DONNA M. AND CLARENCE E. WHITE, and GAIL THOMPSON, individually and as Power of Attorney for LOIS THOMPSON, and ERIC SCHNECK as trustee for the BURTON I. SCHNECK IRREVOCABLE LIFE INSURANCE TRUST dated 2/24/1997, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>  v.<br><br>TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>       Defendant. | Case No. 2:16-cv-01378-CAS-GJSx<br><br><br>**SETTLEMENT AGREEMENT AND RELEASE**<br><br><br><br>Hon. Christina A. Snyder<br><br>Complaint filed:  February 28, 2016<br>Consolidated Second Am. Class Action<br>Complaint filed:  August 18, 2017 |

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

   A.    The Consolidated Actions and Underlying Allegations ................................... 1

   B.    Settlement Background ................................................................................. 4

II.     DEFINITIONS AND CONVENTIONS ..................................................... 6

III.    SETTLEMENT RELIEF ........................................................................... 11

IV.     SETTLEMENT ADMINISTRATOR ........................................................ 15

V.      NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS .. 15

   A.    Preliminary Approval by the Court ............................................................... 15

   B.    Class Notice Package .................................................................................. 16

   C.    Class Notice Content .................................................................................. 16

   D.    Address Verification; Re-mailing ................................................................ 18

   E.    Notice Under the Class Action Fairness Act ................................................ 18

   F.    Communication with Settlement Class Members, Claimants, and Policyholders ......... 19

VI.     REQUESTS FOR EXCLUSION .............................................................. 20

VII.    OBJECTIONS TO THE SETTLEMENT .................................................. 21

VIII.   RELEASE AND WAIVER ....................................................................... 22

IX.     ATTORNEYS' FEES AND LITIGATION EXPENSES ............................ 25

X.      SERVICE AWARDS ................................................................................ 26

XI.     FINAL APPROVAL AND IMPLEMENTATION OF THE SETTLEMENT ................. 27

XII.    MODIFICATION OR TERMINATION OF THIS SETTLEMENT AGREEMENT ..... 27

XIII.   GENERAL MATTERS AND RESERVATIONS ....................................... 30

## SETTLEMENT AGREEMENT AND RELEASE

Subject to Court approval and pursuant to Rule 23(e), *Federal Rules of Civil Procedure*, Plaintiffs Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997) (collectively, "Plaintiffs"), individually and on behalf of the proposed Settlement Class, and Defendant Transamerica Life Insurance Company ("TLIC"), through their respective undersigned counsel and/or authorized representatives, enter into this Settlement Agreement and Release (the "Settlement Agreement").

## I.    INTRODUCTION

### A.    The Consolidated Actions and Underlying Allegations

1.    The following actions (collectively, the "Consolidated Actions") are the subject of the Settlement Agreement:

a. *Gordon & Mary Feller and George & Margaret Zacharia v. Transamerica Life Insurance Company*, No. 2:16-cv-01378 (C.D. Cal., filed February 28, 2016) (the "*Feller* Action");

b. *Andrew Kriegman, as trustee, v. Transamerica Life Insurance Company*, No. 1:16-cv-21074-KMW (S.D. Fla., filed March 25, 2016 (the "*Kriegman* Action");

c. *Lois Thompson and Gail Thompson v. Transamerica Life Insurance Company*, No. 2:16-cv-03361-PA-SK (C.D. Cal., filed May 16, 2016) (the "*Thompson* Action");

d. *Gerald R. Lyons v. Transamerica Life Insurance Company*, No. 8:16-cv-00973-CAS-AJW (C.D. Cal., filed May 26, 2016) (the "*Lyons* Action"); and

e. *Donna M. White and Clarence E. White v. Transamerica Life Insurance Company*, No.

1

2:16-cv-03578-CAS-AJW (C.D. Cal., filed May 23, 2016) (the "White Action").

2.      On June 10, 2016, the claims asserted in the *Kriegman* Action, the *Thompson* Action, the *Lyons* Action, and the *White* Action were consolidated with the *Feller* Action in the U.S. District Court for the Central District of California (the "Court"), leading to the filing of Plaintiffs' Consolidated Amended Class Action Complaint (the "First Consolidated Complaint"). Most of Plaintiffs' alleged claims survived TLIC's motion to dismiss by Court order dated November 8, 2016. *Feller* Action, Doc. 160.

3.      The First Consolidated Complaint was subsequently superseded by the filing of Plaintiffs' Second Consolidated Class Action Complaint on August 18, 2017 (the "Second Consolidated Complaint").

4.      The Court ordered that the claims that had been dismissed without prejudice in the First Consolidated Complaint would be deemed dismissed from the Second Consolidated Complaint. *Feller* Action, Doc. 292.

5.      Plaintiffs in the Second Consolidated Complaint allege that TLIC imposed a series of contractually-prohibited increases in the Monthly Deduction Rates ("MDRs") used to determine the deductions withdrawn each month from the accumulation values of TLIC universal life policyholders (collectively, the "Policyholders"). TLIC implemented these challenged MDR increases in four different "waves" during 2015 and 2016 (collectively, the "MDR Increases"), ultimately increasing the MDRs on approximately 70,000 universal life policies originally issued between 1983 and 2008 (collectively, the "Policies"):

| Increase Beginning Date | Block of Increase | Number of Policies Impacted* |
|---|---|---|
| 8/1/2015 | Wave 1 | 24,827 |
| 3/1/2016 | Wave 2A | 39,665 |
| 3/15/2016 | Wave 2B | 2,311 |
| 3/15/2016 | Wave 3 | 4,041 |
| | Total | 70,846 |
| * As of 9/30/2015 | | |

2

Among other things, Plaintiffs allege that the MDR Increases breached standardized contractual terms governing adjustments to MDRs.  Plaintiffs further allege that TLIC's actions directed at Policyholders residing in California amounted to breach of the implied covenant of good faith and fair dealing, tortious bad faith, statutory unfair competition, and statutory elder abuse.

6. On December 11, 2017, the Court denied TLIC's motion to dismiss Plaintiff Schneck's claims for lack of personal jurisdiction. *Feller* Action, Doc. 358.

7. On December 11, 2017, the Court granted Plaintiffs' motion for certification of the breach of contract claim on behalf of a nationwide class of in-force Policyholders. *Feller* Action, Doc. No. 360 ("the Class Certification Order").  The Court also certified each of the California state law claims on behalf of California subclasses of in-force Policyholders. *Id.*

8. On December 28, 2017, TLIC filed a petition for interlocutory review of certain aspects of the Class Certification Order by the Ninth Circuit Court of Appeals under Federal Rule of Civil Procedure 23(f) (the "Rule 23(f) Petition").

9. On January 16, 2018, TLIC filed its Answer to the Second Consolidated Complaint, denying all liability and asserting numerous affirmative defenses.

10. On March 27, 2018, the Ninth Circuit granted the Rule 23(f) Petition.  TLIC subsequently perfected its appeal, which is pending (the "Class Certification Appeal").

11. On May 24, 2018, Plaintiffs filed a motion for certification of classes consisting of those Policyholders whose Policies had terminated since TLIC's announcement of the MDR Increases.  That motion is currently stayed by the Court pending resolution of the Class Certification Appeal.

12. On May 29, 2018, the Court granted (*Feller* Action, Doc. 392) the Parties' Stipulation Regarding Procedures for Specified Policies During the Pendency of the Action (*Feller* Action, Doc. 391), which permitted certain Policyholders to keep their Policies in-force by paying premiums sufficient to keep their Policies in force under the MDR schedule in effect immediately prior to the MDR Increase (the "Interim Relief Stipulation").

3

**B.**      **Settlement Background**

13.      This Settlement was reached through extended arm's-length negotiations between Co-Lead Class Counsel and TLIC's Counsel under the auspices of highly-regarded mediator David Geronemus, with JAMS in New York City.  Numerous telephone mediation calls were conducted over a period of many months, extensive materials were produced by TLIC and reviewed by Plaintiffs' experts, and a full day of in-person mediation was conducted before Mr. Geronemus with numerous representatives for both sides.

14.      Before agreeing to settle the Consolidated Actions, Plaintiffs, through Plaintiffs' Counsel and their experts, conducted extensive formal discovery and a thorough investigation of the claims, defenses, and underlying events and transactions that are the subject of the Consolidated Actions.  The investigation included, among other things: (i) review and analysis of the evidence and applicable law, including the review and analysis of documents produced by TLIC; (ii) consultation with actuarial and other experts retained by Co-Lead Class Counsel; (iii) taking and defending numerous depositions of fact and expert witnesses; and (iv) engaging in extensive motion practice, including successive motions to dismiss, discovery motion practice, an application for preliminary injunctive relief (which was resolved through the Interim Relief Stipulation, which provided interim protection for certain of the Policyholders), and successive motions for class certification.

15.      Co-Lead Class Counsel have thoroughly evaluated the relevant law and facts to assess the merits of Plaintiffs' and the Settlement Class Members' claims.  Co-Lead Class Counsel believe that the claims asserted in the Consolidated Actions have merit and that the evidence developed to date supports the claims asserted.  However, based upon their extensive discovery, investigation, and evaluation of the applicable facts and the law, Co-Lead Class Counsel have agreed to recommend approval of the settlement of the Consolidated Actions pursuant to the terms of this Settlement Agreement, after considering, among other things: (a) the fairness, reasonableness, and adequacy of this Settlement Agreement; (b) the substantial risks and uncertainties of protracted litigation and trial and appeals (including in connection with the Class

Certification Appeal), especially in complicated class actions such as this, as well as the difficulties, delays, and risks of adverse results inherent in such litigation; (c) the needs and interests of the Settlement Class Members, many of whom are retired, are reliant on their Policies' benefits, and by virtue of age or health status are unable to secure an adequate replacement policy; and (d) the desirability of consummating this Settlement Agreement promptly, in order to provide timely substantial relief to the Settlement Class Members.

16.     Co-Lead Class Counsel agree that this Settlement Agreement is fair, reasonable, and adequate, because it provides hundreds of millions of dollars in immediate benefits to the Settlement Class Members, protects the Settlement Class Members from future MDR increases over the next five (5) years and from certain claim denials by TLIC, is otherwise in the best interests of the Settlement Class Members, and fairly resolves the claims alleged in the Consolidated Actions.

17.     TLIC denies any and all allegations of wrongdoing and does not admit or concede any actual or potential fault, wrongdoing, liability, or damage of any kind to Plaintiffs or the Settlement Class Members in connection with any facts or claims that have been or could have been alleged against them arising from the factual allegations in the Consolidated Actions.  TLIC denies that it acted improperly or wrongfully in any way and believes that the claims asserted in the Consolidated Actions have no merit.  TLIC further contends that its decisions to implement the MDR Increases were, at all times, in accordance with the Policies' terms and accepted actuarial standards.

18.     TLIC has agreed to class action treatment of the claims alleged or potentially asserted solely for the purpose of effecting the compromise and settlement of those claims on a class basis as set forth in this Settlement Agreement.  TLIC considers it desirable for the Consolidated Actions to be settled and dismissed because this Settlement will: (i) provide substantial benefits to the Settlement Class Members; (ii) finally put to rest Plaintiffs' claims, the Settlement Class Members' claims, and the underlying dispute; and (iii) avoid the substantial expense, burdens, risks, and uncertainties associated with the continued litigation of the

Consolidated Actions.

## II.   DEFINITIONS AND CONVENTIONS

For the purposes of this Agreement:

19.   "Additional MD Collected" means the difference between: (a) the Monthly Deductions withdrawn from the accumulation value of a Policy; and (b) the Monthly Deductions that would have been withdrawn from the accumulation value of the Policy under the MDR schedules for such Policy in effect immediately prior to each of the MDR Increases.

20.   "Class Certification Appeal" means TLIC's pending appeal through the Rule 23(f) Petition, designated Case No. 18-55408 by the Ninth Circuit.

21.   "Class Notice" means the notice concerning the Settlement sent to the Settlement Class as a part of the Class Notice Package.

22.   "Class Notice Package" means the package of documents concerning the Settlement to be sent to the Settlement Class, as described in Section V.

23.   "Co-Lead Class Counsel" means, collectively, Andrew S. Friedman of Bonnett, Fairbourn, Friedman & Balint, P.C., Harvey Rosenfield of Consumer Watchdog, and Adam M. Moskowitz of The Moskowitz Law Firm.

24.   "Class Fee and Expense Order" means the Court's ruling on the contemplated Class Fee and Expense Application, as described in Section IX.

25.   "Class Period" means the period from August 1, 2015, through and including the Final Approval Date.

26.   "Class Policy" or "Class Policies" means a Policy or Policies owned by a Settlement Class Member.

27.   "Class Representatives" means, collectively, Donna White, Gail Thompson, and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997).

28.   "Confidential Information" means material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" in accordance with the terms of the Stipulated

6

Protective Order entered on June 13, 2016.  *Feller* Action, Doc. 69.

29.    "Confidential Termination Agreement" means the agreement between the Parties described in Paragraph 117 of Section XII.

30.    "Consolidated Actions" means, collectively, the *Feller* Action, the *Kriegman* Action, the *Thompson* Action, the *Lyons* Action, and the *White* Action.

31.    "Court" means the United States District Court for the Central District of California.

32.    "Day" or "day" means a calendar day; provided however, that the computation of time periods under this Settlement Agreement will be made in accordance with Paragraph 132 of Section XIII.

33.    "Execution Date" means the date on which this Settlement Agreement is fully executed by the Parties.

34.    "Fairness Hearing" means the hearing held by the Court on any motion for final approval of the proposed Settlement following the entry of the Preliminary Approval Order and the Notice Date, for the purposes of: (a) determining whether the Settlement Agreement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class Members; (b) determining that the Settlement Class should be certified pursuant to Rule 23(b)(2) and (b)(3), *Federal Rules of Civil Procedure*; (c) entering the Final Approval Order approving the Settlement and dismissing the Consolidated Actions with prejudice; (d) entering the Class Fee and Expense Order; and (e) ruling on any other matters as may be raised before the Court.

35.    "Final Approval Date" means the date on which the Court enters judgment on the Final Approval Order.

36.    "Final Approval Order" means the Court's order fully and finally approving the Settlement Agreement, and dismissing the Consolidated Actions with prejudice, as described in Section XI.

37.    "Final Settlement Date" means the date on which the Court's judgment entered on the Final Approval Order under Rule 58, *Federal Rules of Civil Procedure*, becomes final.  For

7

purposes of this Settlement Agreement:

a.  if no appeal is taken from the judgment entered upon the Final Approval Order, "Final Settlement Date" means the date on which the time to appeal therefrom has expired; or

b.  if an appeal has been taken from the judgment entered upon the Final Approval Order, "Final Settlement Date" means the date on which all appeals therefrom, including petitions for rehearing or re-argument, petitions for rehearing *en banc*, and petitions for *certiorari* or any other form of review, have been fully disposed of in a manner that affirms the Final Approval Order.

38.  "In-Force Policy" means a Policy that is not a Terminated Policy as of June 30, 2018.

39.  "In-Force Policyholder" means the owner of an In-Force Policy.

40.  "MDR" or "MDRs" mean the "Monthly Deduction Rate" as defined in the Policies.

41.  "MDR Increases" means, collectively, the Wave 1, 2A, 2B and 3 MDR increases on the Policies beginning in August 2015, which increased the scheduled MDRs for the Policies. These MDR increases were applied to the age-based changes to MDRs included within the Policies' pre-existing MDR schedules.

42.  "Mediator" means David Geronemus, of JAMS New York.

43.  "Monthly Deduction" means the "Monthly Deduction" as defined in the Policies.

44.  "Notice Date" means the date on which the Class Notice is mailed.

45.  "Parties" means, collectively, Plaintiffs and TLIC.

46.  "Parties' Counsel" means, collectively, Plaintiffs' Counsel and TLIC's Counsel.

47.  "Plaintiffs" means, collectively, Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable

Life Insurance Trust dated 2/24/1997).

48. "Plaintiffs' Counsel" means, collectively, all of the law firms of Bonnett, Fairbourn, Friedman & Balint, PC, lawyers for Consumer Watchdog, The Moskowitz Law Firm, Barrack, Rodos & Bacine, Emmerson Scott, LLP, Johnson Vines PLLC, Patterson Law Group, Merlin Law Group, P.A., Kozyak Tropin and Throckmorton, LLP and Searcy Denney Scarola Barnhart & Shipley PA.

49. "Policy" or "Policies" means one or more insurance policies issued under the plans set forth in attached **Exhibit A** that were subject to the MDR Increases under Wave 1, 2A, 2B or 3.

50. "Policyholder" means the owner of a Policy, whether a person or entity.

51. "Preliminary Approval Date" means the date on which the Court enters the Preliminary Approval Order.

52. "Preliminary Approval Order" means an order of the Court granting preliminary approval of the proposed Settlement and directing that the Class Notice be sent to the Settlement Class, as described in Section V.

53. "Request for Exclusion" means a properly completed and timely postmarked request from a Policyholder to be excluded from the Settlement Class, as described in Section VI.

54. "Released Claims" has the meaning set forth in Section VIII.

55. "Releasees" means, individually and collectively, TLIC and TLIC's past and present parents (including intermediate and ultimate parents), direct and indirect subsidiaries, affiliates, predecessors, joint ventures, successors and assigns, together with each of their past and present officers, directors, shareholders, employees, representatives, insurers, attorneys, general agents, agents and producers (including but not limited to, those acting on behalf of TLIC and within the scope of their agency), and all of such Releasee's heirs, administrators, executors, insurers, predecessors, successors and assigns, or any of them, and including any person or entity acting on behalf or at the direction of any of them.

56. "Releasors" means the Plaintiffs and Settlement Class Members, on behalf of

9

themselves, their heirs, assigns, executors, beneficiaries, beneficiaries designated under Policies, administrators, predecessors, and successors, and any other person or entity purporting to claim on their behalf.

57. "Rule 23(f) Petition" means the Petition for Permission to Appeal Order Granting Class Certification Pursuant to Rule 23(f) filed by TLIC on December 28, 2017, for interlocutory review of the Court's Class Certification Order.

58. "Settlement" means, collectively, the terms and conditions set forth in this Settlement Agreement.

59. "Settlement Administrator" means such firm as may be retained by TLIC to assist TLIC with Class Notice and administration of the Settlement, as described in Section IV.

60. "Settlement Agreement" means this Settlement Agreement and Release, including its exhibits.

61. "Settlement Class" means the following opt-out plaintiff settlement class to be certified by the Court pursuant to Rule 23(b)(2) and (b)(3), *Federal Rules of Civil Procedure*: all persons or entities who own or owned a Policy encompassed by the MDR Increases during the Class Period. Excluded from the Settlement Class are (a) the Honorable Christina A. Snyder, United States District Court Judge of the Central District of California (or other Circuit, District, or Magistrate Judge presiding over the Consolidated Actions through which this matter is presented for settlement) and court personnel employed in Judge Snyder's (or such other Judge's) chambers or courtroom; (b) TLIC and its parents, affiliates, subsidiaries, successors, predecessors, and any entity in which TLIC has a controlling interest and their current or former officers and directors (except to the extent TLIC or such other entity is the owner of a Policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class); (c) any officer or director of TLIC reported in its Annual Statements during the Class Period, or entity in which TLIC had a controlling interest at any relevant time, any member of those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity; (d) Policyholders who

10

properly execute and timely file a Request for Exclusion from the Settlement Class; and (e) the legal representatives, successors, or assigns of any such excluded Policyholders (but only then in their capacity as legal representative, successor, or assignee).

62. "Settlement Class Members" means all Policyholders encompassed by the definition of the Settlement Class in Paragraph 61.

63. "Settlement Computation Period" means the period between the effective date of the MDR Increases for each Class Policy and June 30, 2018.

64. "Settlement Relief" means, collectively, all forms of relief made available to Settlement Class Members under this Settlement Agreement, as described in Section III.

65. "Terminated Policy" means a Policy that lapsed, matured, or was surrendered between August 1, 2015 and June 30, 2018.

66. "Terminated Policyholder" means the owner of a Terminated Policy or their estate.

67. "TLIC" means Defendant Transamerica Life Insurance Company, and its respective predecessor and successor entities.

68. "TLIC's Counsel" means McDowell Hetherington LLP.

## III.   SETTLEMENT RELIEF

69. Pursuant to and in accordance with this Settlement Agreement and subject to Court approval at or after the Fairness Hearing, TLIC will make available to Settlement Class Members the following benefits (collectively, the "Settlement Relief"):

a. Settlement Common Fund:  TLIC will create a common settlement fund in the amount of $195 million, less the amount of any reduction computed in accordance with the provisions of Paragraph 69(c) ("the Settlement Common Fund").  The Settlement Common Fund, net of the amounts approved by the Court's Fee and Expense Order, will be distributed to Settlement Class Members, pro rata, based on the proportion of the Additional MD Collected for each Class Policy in relation to the total amount of the Additional MD Collected by TLIC for all Class Policies; provided, however, that

11

the minimum payout for each Class Policy will be $100. The Settlement Common Fund will be distributed as follows:

- In-Force Policyholders will be paid their share of the Settlement Common Fund by an increase to the accumulation value of each In-Force Policy owned by each such Settlement Class Member (the "Accumulation Value Payment"). If at the time of distribution an In-Force Policy has terminated, its share of the Common Settlement Fund will be paid by check rather than as an increase to the accumulation value.

- Terminated Policyholders will be paid their share of the Common Settlement Fund by check (the "Terminated Policy Payment").

b. No less than thirty (30) days before distributing the Settlement Common Fund to the Settlement Class Members, TLIC will disclose to Co-Lead Class Counsel the calculations and any additional information necessary for Co-Lead Class Counsel and their consulting experts to verify that the proposed distributions are properly computed in accordance with Paragraph 69(a).

c. There will be no reversion of the Settlement Common Fund to TLIC. However, the Settlement Common Fund will be reduced by the amounts that would have been distributed under the formula set forth in Paragraph 69(a) to those Policyholders requesting exclusion from the Settlement Class. Co-Lead Class Counsel will petition the Court for approval of the proposed manner in which any unclaimed or unpayable distributions of the Settlement Common Fund will be further distributed or paid.

d. Future MDR Methodology Benefit: Plaintiffs in the Consolidated Action alleged, among other things, that the MDR Increases breached the Policies because they operate to recover past losses in violation of certain provisions of the Policies. TLIC denies that the MDR Increases operate to recover past losses or otherwise violate any of the

12

terms of the Policies.  Nevertheless, to address Plaintiffs' allegation in this regard, the Parties agree that any future MDR increase(s) on Class Policies issued under the plans set forth in attached **Exhibit A** will: (a) be based only on the collective effect of the cost factors assumed when the Policies were originally priced, including but not limited to any cost factors enumerated in the Policies; and (b) will not increase the expected future profitability, or decrease the expected future loss, of the policies within the same plan to a higher level of profitability, or lower level of loss, than projected based on the original policy pricing assumptions (or a reliable determination thereof if the original pricing assumptions are not available) (the "Future MDR Methodology Benefit").  The Future Methodology Benefit is intended to ensure that any future MDR increase adopted by TLIC does not operate to recover past losses.  Notwithstanding the foregoing, in increasing MDRs on Class Policies, TLIC may, in its discretion, implement a lower increase than the increase otherwise derived using the Future MDR Methodology Benefit.  TLIC agrees to preserve any existing pricing specifications for the Class Policies, including those produced during discovery in the Consolidated Actions.

e. <u>MDR Increase Protection Benefit:</u>  TLIC agrees that it will not impose any additional MDR increase(s) on any Class Policy within five (5) years of the Execution Date, unless ordered to do so by a state regulatory body (the "MDR Increase Protection Benefit").  The Parties acknowledge and agree that, notwithstanding the foregoing, TLIC will maintain the MDR schedules implemented through the MDR Increases.

f. <u>Non-Contestability Benefit:</u>  TLIC agrees it will not seek to void, rescind, cancel, have declared void, or otherwise deny coverage of death claims submitted by Settlement Class Members based on any alleged lack of insurable interest or misrepresentations made in connection with the original application process (the "Non-Contestability Benefit").  The Non-Contestability Benefit does not apply to any alleged lack of

13

insurable interest or misrepresentations made in connection with an application to reinstate coverage.

g. <u>Stay of Class Certification Appeal</u>:  The Parties will jointly move the Ninth Circuit to stay the Class Certification Appeal immediately upon entry of the Preliminary Approval Order, without prejudice and subject to reinstatement in the event this Settlement Agreement is terminated in accordance with Section XII or if the Final Settlement Date is not attained for any reason.  If the Ninth Circuit does not grant a stay of the appeal, the parties will work together to determine an alternative course of action to defer or forestall a determination of the Class Certification Appeal pending the Final Settlement Date.

h. <u>Notice and Administrative Costs</u>:  TLIC alone will pay and otherwise alone bear the administrative expenses incurred after the Execution Date of this Settlement Agreement (including publication, printing, and mailing costs of the Class Notice and administration costs of the Settlement Relief), which will not be paid or otherwise reimbursed by Plaintiffs, Plaintiffs' Counsel, Co-Lead Class Counsel or the Settlement Class should the Settlement be terminated or disapproved for any reason, or should the Final Settlement Date otherwise not be attained for any reason (the "Notice and Administrative Costs Benefit").

i. <u>Illustrations Benefit</u>.  TLIC agrees to provide in-force illustrations to Settlement Class Members, upon request and at no cost to the Settlement Class Member, depicting the impact of the Settlement Relief on the anticipated future performance of their In-Force Policy ("the Illustrations Benefit").  In the event that applicable regulations restrict the illustration depiction of certain benefits or future performance, the illustration will provide an explanation of such restriction.

j. <u>Contribution Towards Attorneys' Fees and Expenses</u>:  Separate and apart from the foregoing benefits, TLIC agrees to pay to Co-Lead Class Counsel the first $10 million

14

of the attorneys' fees and expenses awarded by the Court in accordance with Section IX (the "TLIC Fee and Expense Contribution").

k. Interim Relief Stipulation: The Parties agree that the Interim Relief Stipulation will be terminated by the Final Approval Order, and that TLIC will, subject to Paragraphs 69(d)-(e), maintain the MDR schedules implemented through the MDR Increases. After the Accumulation Value Payment is made, In-Force Policyholders who received relief through the Interim Relief Stipulation will have their Monthly Deductions for the period they received the relief re-calculated using the increased MDRs. In-Force Policyholders who received relief through the Interim Relief Stipulation will have at least thirty-one (31) days following receipt of the Accumulation Value Payment to make any further payments necessary to keep their Policy in-force.

## IV. SETTLEMENT ADMINISTRATOR

70. TLIC may at its discretion and at its own expense retain a Settlement Administrator and delegate to it TLIC's responsibilities with respect to the Class Notice and administration of the Settlement before or after Court approval. No part of the Settlement Relief may be diminished for this purpose, nor will the Plaintiffs, Plaintiffs' Counsel, Co-Lead Class Counsel or the Settlement Class bear any expense, responsibility or liability for either TLIC's decision to select the Settlement Administrator or the Settlement Administrator's conduct or actions.

## V. NOTICE TO THE CLASS AND COMMUNICATIONS WITH CLASS MEMBERS

### A. Preliminary Approval by the Court

71. As soon as reasonably practicable following the Execution Date, the Plaintiffs will submit the proposed Settlement to the Court and request the entry of the Preliminary Approval Order (a) preliminarily certifying the Settlement Class, appointing Class Representatives for the Settlement Class, appointing Co-Lead Class Counsel as counsel for the Settlement Class, (b) preliminarily approving the proposed Settlement as appearing sufficiently fair, adequate and reasonable to warrant the dissemination of the Class Notice Package, and (c) preliminarily

15

enjoining all Settlement Class Members who do not execute and timely file a Request for Exclusion from the Settlement Class from filing, prosecuting, maintaining or continuing litigation based on or related to the claims or facts alleged in the Consolidated Actions.

**B.     Class Notice Package**

72.     Subject to the requirements of any orders entered by the Court, and no later than 30 days after the Preliminary Approval Date, TLIC will send a Class Notice Package by first-class mail to the last known address of each reasonably-identifiable person and entity in the Settlement Class and, in cases of pending litigation against TLIC relating to the Released Claims, also to any legal counsel (other than Plaintiffs' Counsel) known by TLIC as of the Preliminary Approval Date to represent such a person or entity.  The Class Notice Package will consist of (a) the Class Notice described below; and (b) if desired, a cover letter mutually agreed upon by Co-Lead Class Counsel and TLIC's Counsel.

73.     The mere mailing of a Class Notice Package to a person or entity that is not in the Settlement Class, as defined herein, will not render such person or entity a part of the Settlement Class or otherwise entitle such person to participate in this Settlement.

**C.     Class Notice Content**

74.     Each Class Notice Package will contain a Class Notice, which will in turn:

a.  contain a short, plain statement of the background of the Consolidated Actions and the proposed Settlement;

b.  describe the category of persons and entities in the Settlement Class and inform such persons and entities that, if they do not exclude themselves from the Settlement Class, they may be eligible to receive relief under the proposed Settlement;

c.  describe the proposed Settlement Relief;

d.  explain the impact of the proposed Settlement on the pending Consolidated Actions;

e.  describe the effect of the release included in the proposed Settlement;

16

f.  state that any relief to Settlement Class Members is contingent on the Court's final approval of the proposed Settlement Agreement as fair, reasonable and adequate;

g.  explain that a Settlement Class Member may request exclusion from the Settlement Class by mailing a written Request for Exclusion to Co-Lead Class Counsel postmarked no later than 45 days after the Notice Date;

h.  explain that a Settlement Class Member who has not submitted a written Request for Exclusion may, if he or she desires, object to the proposed Settlement by filing a written statement of objections with the Court no later than 45 days after the Notice Date;

i.  explain that a Settlement Class Member who has filed a timely and proper objection to the proposed Settlement may appear at the Fairness Hearing, either personally or through counsel, provided that notice of the intention to appear must be both filed with the Court and served by mail on Co-Lead Class Counsel and TLIC's Counsel, all postmarked no later than 14 days before the Fairness Hearing;

j.  explain that any judgment entered in the Consolidated Actions whether favorable or unfavorable to the Settlement Class, will include, and be binding on, all Settlement Class Members, even if they have objected to Court approval of the proposed Settlement Agreement and even if they have any other claim, lawsuit, or proceeding pending against TLIC based on the same factual predicate as alleged in the Second Consolidated Complaint;

k.  explain that a Settlement Class Member should consult their own tax advisors regarding the tax consequences of the proposed Settlement, including but not limited to, any payments, credits, and payment periods provided hereunder, and any tax reporting obligations they may have with respect thereto; and

l.  explain the provisions of this Settlement Agreement relating to attorneys' fees, expenses, and costs including those in Section IX, and explain that individual

17

Settlement Class Members will be responsible themselves for the fees and costs of any persons they may retain to represent them for any reason, including, but not limited to, counsel retained in connection with the filing of an objection or attendance at the Fairness Hearing.

75.    The Class Notice will conform to the manner and form agreed on by the Parties and approved by the Court. The proposed form of the Class Notice as agreed on by the Parties is attached hereto as **Exhibit B**.

76.    Co-Lead Class Counsel may at their own expense supplement the Class Notice through the establishment of a website with more information and links to important documents relating to the Consolidated Actions and the proposed Settlement.  The content of any such website will be mutually agreed upon by Co-Lead Class Counsel and TLIC's Counsel.

### D.    Address Verification; Re-mailing

77.    Prior to the mailing of the Class Notice, TLIC or the Settlement Administrator will run the mailing list for the Class Notice through the U.S. Postal Service's National Change of Address Database for verification and correction of addresses to attempt to reduce the number of returned mail items. In the case of Class Notices undelivered and returned by the U.S. Postal Service, TLIC or the Settlement Administrator will: (a) re-mail any Class Notice so returned with a forwarding address, and (b) (1) make reasonable efforts to attempt to find an address for any returned Class Notice that does not include a forwarding address, or (2) retain a commercial address verification service for this purpose.  TLIC or the Settlement Administrator will re-mail the Class Notice to each person and entity in the Settlement Class for which it or the address research service provides an updated address.

### E.    Notice Under the Class Action Fairness Act

78.    Within 10 days following the filing of this Settlement Agreement for preliminary approval by the Court, TLIC will serve notices of the proposed Settlement upon the appropriate officials in compliance with the requirements of the Class Action Fairness Act ("CAFA"), 28

18

U.S.C. § 1715. The identities of such officials and the content of the materials will be subject to the mutual agreement of the Parties' Counsel.

**F.** **Communication with Settlement Class Members, Claimants, and Policyholders**

79. TLIC will not be privy to or respond to inquiries between Settlement Class Members and their counsel (including Plaintiffs' Counsel). However, TLIC reserves the right to communicate with, and to respond to inquiries directed to it from insureds, beneficiaries, policyholders and Settlement Class Members, orally and/or in writing, regarding matters not involving the Consolidated Actions or the proposed Settlement in the normal course of administering the Class Policies or otherwise in the ordinary course of business, and may do so through any appropriate agents or agencies. If, however, TLIC receives any inquiry from a Settlement Class Member specifically relating to the Consolidated Actions or the Settlement, TLIC will refer the Settlement Class Member to Co-Lead Class Counsel. Nothing in this Paragraph 79 will preclude TLIC or TLIC's Counsel from communicating with an attorney representing any Policyholder.

80. Co-Lead Class Counsel will provide responses to inquiries received from persons and entities in the Settlement Class, subject to review and comment by TLIC's Counsel should Co-Lead Class Counsel deem it helpful or necessary.

81. TLIC may continue to process and respond to insured, beneficiary or policyholder complaints, including complaints submitted to TLIC by regulators, notwithstanding that some complaints may originate with Settlement Class Members and may concern claims relating to Class Policies that otherwise could be eligible for Settlement Relief under the Settlement Agreement; provided however, that, after the Class Notice mailing and before the implementation of Settlement Relief for a particular Class Policy, any offer of relief by TLIC in response to any such complaint concerning such Class Policy will be accompanied by a copy of the Settlement Agreement and a statement explaining to the Settlement Class Member that acceptance of TLIC's offer may bar or otherwise affect the Settlement Class Member's rights to participate in the

19

proposed Settlement.  If TLIC makes an offer of relief in response to any such written complaint after the Class Notice is mailed and before the implementation of Settlement Relief for the subject Class Policy, and the offer of relief differs from the Settlement Relief, a copy of the written complaint and TLIC's offer of relief will be provided to Co-Lead Class Counsel in advance of any agreement.  Nothing within Paragraph 81 shall apply to Policyholders who timely and properly exclude themselves from the Settlement in accordance with Section VI, or to Policyholders who commenced separate individual actions against TLIC prior to the Effective Date of this Agreement.

## VI.    REQUESTS FOR EXCLUSION

82.    Any Settlement Class Member that wishes to be excluded from the Settlement Class must submit to Co-Lead Class Counsel a written request for exclusion ("Request for Exclusion") sent by U.S. mail and postmarked no later than 45 days from the Notice Date.  Co-Lead Class Counsel will file a list of all valid Requests for Exclusion with the Court 14 days prior to the Fairness Hearing.

83.    To be in proper form, the Request for Exclusion must (a) state the identity of the Policyholder; (b) state one or more of the Policyholder's Class Policy numbers, (c) state that the Policyholder desires to be excluded from the Settlement Class, and (d) be signed by the Policyholder or by a person providing a valid power of attorney to act on behalf of such person or entity.  If there are multiple Policyholders with respect to a single Class Policy (such as spouses), all owners must sign unless the signatory holds and submits a copy of a valid power of attorney to act on behalf of all owners of the Class Policy.

84.    A Policyholder cannot exclude fewer than all Class Policies owned by the Policyholder.  One who owns multiple Class Policies in a representative or agency capacity (such as a trustee, securities intermediary, or other similar agency) for more than one principal, may request to exclude one principal while allowing other principals to remain in the Settlement Class.  A representative owner may not request to exclude fewer than all Policies held on behalf of any single principal; in other words, the party holding the ultimate economic interest in multiple Policies must choose to be a part of the Settlement Class or excluded from the Settlement Class

20

for all such Class Policies.

85.     Co-Lead Class Counsel will maintain the Post Office Box to which Requests for Exclusion are required to be sent, monitor exclusion requests for accuracy and completeness, request any needed clarifications, and provide copies of all such materials to TLIC's Counsel upon request.

86.     Every Settlement Class Member that does not file a timely and proper written Request for Exclusion in accordance with this Section VI will be bound by all subsequent proceedings, orders, and judgments in the Consolidated Actions.

## VII.    OBJECTIONS TO THE SETTLEMENT

87.     Any Settlement Class Member that has not filed a timely and proper written Request for Exclusion and that wishes to object to the fairness, reasonableness, or adequacy of the proposed Settlement must file with the Court a statement of objection, postmarked no later than 45 days after the Notice Date.  Each such statement of objection must: (a) state the Settlement Class Member's full name, current address, telephone number, and applicable Class Policy number(s); (b) state that the Settlement Class Member objects to the Settlement, in whole or in part; (c) set forth a statement of the legal and factual basis for the objection; and (d) be accompanied by copies of any and all documents that the objecting Settlement Class Member has and will submit in support of his/her position.  A Settlement Class Member who does not submit a timely and proper objection in accordance with this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will not be treated as having filed a valid objection to the Settlement.  The Class Notice will inform the Settlement Class of this requirement.  Settlement Class Members may so object either on their own or through an attorney hired at their own expense. If a Settlement Class Member hires an attorney to represent him or her, the attorney must (a) file a notice of appearance with the Clerk of the Court no later than 14 days before the Fairness Hearing, and (b) send a copy of the same to Co-Lead Class Counsel and TLIC's counsel by U.S. mail postmarked no later than 14 days before the date of the Fairness Hearing.

88.     Any Settlement Class Member who timely files a proper written objection may

21

appear at the Fairness Hearing in support of the objection, provided the notice of the intention to appear is given as specified in this Paragraph 88. Settlement Class Members or their attorneys who intend to make an appearance at the Fairness Hearing must file a notice of intention to appear with the Court no later than 14 days before the date of the Fairness Hearing. A Settlement Class Member who appears at the Fairness Hearing will be permitted to argue only those matters that were set forth in a written objection filed by such Class Member in accordance with Section VII, Paragraph 87. No Settlement Class Member will be permitted to raise matters at the Fairness Hearing that the Settlement Class Member could have raised in such a written objection, but failed to do so, and all objections to the Settlement that are not set forth in such a written objection are deemed waived. Any Settlement Class Member who fails to comply with the applicable provisions of this Settlement Agreement and the Class Notice, and as otherwise ordered by the Court, will be barred from appearing at the Fairness Hearing.

89.     Any Settlement Class Member who fails to comply with the provisions of the preceding Paragraphs 87 and 88 of this Section VII will waive and forfeit any and all rights he or she may have to appear separately and/or object, and will be bound by all the terms of this Settlement Agreement and by all proceedings, orders, and judgments in the Consolidated Actions.

90.     A Settlement Class Member's objection to the Settlement will not affect his or her rights to participate in the Settlement Relief.

91.     The Parties may serve and file responses to written objections at least 14 days prior to the Fairness Hearing, or as otherwise directed by the Court.

## VIII.   RELEASE AND WAIVER

92.     In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including, but not limited to, the consideration to the Settlement Class Members), the Releasors hereby expressly release and discharge Releasees from and against any and all claims, causes of action, debts, liabilities, damages, restitution, equitable, legal and administrative relief, known and unknown, at law or in equity, whether brought directly or indirectly, including any further claim to recovery or relief as

22

a result of actions by any state or federal government agencies, arising out of or relating to the MDR Increases or any claims or causes of action that were or could have been alleged in the Second Consolidated Complaint based on the same factual predicate, including but not limited to (a) the decision to implement the MDR Increases, (b) the design, development, and implementation of the MDRs that were the subject of the MDR Increases; and (c) any payments made in the past or future as a result of the MDR Increases (collectively the "Released Claims"). Releasors hereby expressly further agree that they will not now or hereafter institute, maintain, assert, join, or participate in, either directly or indirectly, on their own behalf, on behalf of a class, or on behalf of any other person or entity, any action or proceeding of any kind against Releasees asserting the foregoing released claims. Notwithstanding the foregoing, for purposes of clarification only, Releasors are not releasing claims arising from any failure by TLIC to pay future death benefits owed under a Policy.

93.    In consideration of the promises and covenants of settlement between and among the Parties and as further contained in this Settlement Agreement (including but not limited to, the consideration to the Settlement Class Members), TLIC hereby expressly releases and discharges Plaintiffs, Plaintiffs' Counsel, and Co-Lead Class Counsel, from and against any and all claims, causes of action, debts, liabilities, damages, restitution, equitable, legal and administrative relief, known and unknown, at law or in equity, whether brought directly or indirectly, arising out of or relating to the filing, prosecution, or resolution of claims against TLIC alleged in the *Feller* Action, the *Kriegman* Action, the *Thompson* Action, the *Lyons* Action, the *White* Action and/or the Consolidated Actions.

94.    In connection with the forgoing releases, Releasors acknowledge that they are aware that they may hereafter discover claims or damages presently unknown or unsuspected, or facts in addition to or different from those which they now know or believe to be true, with respect to the Released Claims. Nevertheless, Releasors understand and agree that this release will fully, finally, and forever settle and release all claims and causes of action described in Paragraph 92, known or unknown, and which now exist, hereafter may exist, or might have existed (whether or

23

not previously or currently asserted in any action or proceeding) with respect to the Released Claims.

**95.   RELEASORS EXPRESSLY UNDERSTAND THAT SECTION 1542 OF THE CIVIL CODE OF THE STATE OF CALIFORNIA PROVIDES:**

**"A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."**

**TO THE EXTENT THAT CALIFORNIA OR OTHER SIMILAR FEDERAL OR STATE LAW MAY APPLY (BECAUSE OF OR NOTWITHSTANDING THE PARTIES' CHOICE OF LAW IN THIS AGREEMENT), RELEASORS HEREBY AGREE THAT THE PROVISIONS OF SECTION 1542 AND ALL SIMILAR FEDERAL OR STATE LAWS, RIGHTS, RULES, OR LEGAL PRINCIPLES, TO THE EXTENT THEY ARE FOUND TO BE APPLICABLE HEREIN, ARE HEREBY KNOWINGLY AND VOLUNTARILY WAIVED AND RELINQUISHED BY RELEASORS, AND RELEASORS HEREBY AGREE THAT THIS IS AN ESSENTIAL TERM OF THE RELEASE.**

96.   The Parties agree and acknowledge that the release provisions of this Section VIII together constitute an essential term of the Settlement Agreement.

97.   Nothing in the foregoing releases will preclude any action to enforce the terms of this Settlement Agreement.

98.   Nothing in this Settlement Agreement will be deemed to alter the Policies' contractual terms, except to the extent such are altered or affected by the award and/or implementation of Settlement Relief under this Settlement Agreement.

99.   Nothing within this Agreement or foregoing releases will be deemed to alter, modify, abridge or otherwise limit either the Amended Stipulation of Settlement or the Findings of Fact, Conclusions of Law, and Final Order and Judgment in *Natal et al v. Transamerica*

24

*Occidental Life Insurance Company et al.*, No. 694829, in the San Diego County Superior Court for the State of California.

100.    The Parties expressly agree that the provisions of this Section VIII shall be, and may be raised as, a complete defense to and will preclude any action or proceeding encompassed by the Released Claims.

101.    It is the intention of the Plaintiffs, on behalf of themselves and the Settlement Class, in executing this Agreement, to fully, finally, and forever settle and release all Released Claims as defined under this Section VIII.

## IX.    ATTORNEYS' FEES AND LITIGATION EXPENSES

102.    Co-Lead Class Counsel contemplate an application to the Court seeking approval of a common fund award of attorneys' fees not to exceed 25% of the value of the Settlement Relief, plus reimbursement of litigation expenses, plus service awards described in Section X not to exceed $10,000 each ("the Class Fee and Expense Application").  Co-Lead Class Counsel will file the Class Fee and Expense Application in accordance with the applicable Local Rules of Civil Procedure.

103.    The attorneys' fees, litigation expenses, and service awards approved by the Court based on the Class Fee and Expense Application will be set forth in a fee and expense order (the "Class Fee and Expense Order") separate from the Final Approval Order, so that any appeal of one will not constitute an appeal of the other.  No order or proceedings relating to Plaintiffs' Counsel's attorneys' fees and expense application, nor any appeal from the Class Fee and Expense Order, or reversal or modification thereof, will operate to terminate or cancel this Settlement Agreement or otherwise delay the Final Approval Date or the Final Settlement Date.

104.    No later than fourteen (14) days after entry of the Class Fee and Expense Order, TLIC will cause the TLIC Fee and Expense Contribution to be paid to Co-Lead Class Counsel. If the Final Approval Order or the Class Fee and Expense Order is later reversed on appeal or reduced to an amount less than the TLIC Fee and Expense Contribution, then (unless the Parties agree otherwise), Co-Lead Class Counsel will, within five (5) days after such occurrence, repay to TLIC

25

the TLIC Fee and Expense Contribution or the amount by which the Class Fee and Expense Order is reduced to an amount less than the TLIC Fee and Expense Contribution.  TLIC will pay the balance of the fee and service awards due under the Class Fee and Expense Order to Co-Lead Class Counsel within fourteen (14) days of the Final Settlement Date.

105.    Co-Lead Class Counsel will, in their sole discretion, allocate and distribute among Plaintiffs' Counsel and any other counsel, if applicable, the fees and reimbursed expenses that they receive pursuant to the Class Fee and Expense Order.  Disagreements, if any, among Plaintiffs' Counsel and any other counsel, if applicable, relating to their respective shares of any such fee and expense award will have no impact on the effectiveness or the implementation of this Settlement Agreement, nor will such disagreements increase, modify, or otherwise affect the obligations imposed upon TLIC by this Settlement Agreement.  Any such disagreements will be resolved by the Court.

106.    No Party or Parties' Counsel will be liable or obligated to pay any fees, expenses, costs, or disbursements to any person, either directly or indirectly, in connection with the Consolidated Actions, this Settlement Agreement, or the proposed Settlement, other than those expressly provided in this Settlement Agreement as being payable by such party.

## X.    SERVICE AWARDS

107.    As part of the Class Fee and Expense Application, Co-Lead Class Counsel will apply to the Court for service awards from the Settlement Common Fund to some or all of the Plaintiffs, in an amount not to exceed $10,000 each.  The purpose of such service awards will be to compensate Plaintiffs for their efforts undertaken on behalf of the Settlement Class.  TLIC will pay all service awards approved by the Court no later than fourteen (14) days after the Final Settlement Date.  No such service award will in any way diminish or prejudice any Settlement Relief which the recipient is otherwise eligible to receive as a member of the Settlement Class.

108.    Because service awards are premised on the Plaintiffs' pre-Settlement contributions, and are in no way conditioned upon support for the proposed Settlement, they will be sought notwithstanding any objection any Plaintiff may voice to any aspect of the Settlement.

26

## XI.    FINAL APPROVAL AND IMPLEMENTATION OF THE SETTLEMENT

109.    At or after the Fairness Hearing, and upon the Court's approval of this Settlement Agreement, the Parties will request from the Court entry of both (a) the Final Approval Order, and (b) the Class Fee and Expense Order.

110.    The Final Approval Order proposed by the Parties will, among other things: (a) approve the proposed Settlement and the Settlement Relief as fair, reasonable, and adequate; (b) terminate the Interim Relief Stipulation (c) dismiss the Consolidated Actions with prejudice pursuant to Federal Rule of Civil Procedure 41, with jurisdiction retained by the Court to enforce the terms of the Settlement Agreement; and (d) permanently enjoin all Settlement Class Members who do not execute and timely file a Request for Exclusion from the Settlement Class from filing, prosecuting, maintaining, or continuing litigation based on or related to the claims or facts alleged in the Consolidated Actions.

111.    The Class Fee and Expense Order will award Plaintiffs' Counsel attorneys' fees and litigation expenses to be paid from the Settlement Common Fund, approve the TLIC Fee and Expense Contribution, and approve the service awards to Plaintiffs to be paid by TLIC, with jurisdiction retained by the Court to enforce the terms of the Class Fee and Expense Order.

112.    TLIC will pay the net Settlement Common Fund, consisting of the Accumulation Value Payment and the Terminated Policy Payment, to the Settlement Class Members within 30 days of the Final Settlement Date.

## XII.    MODIFICATION OR TERMINATION OF THIS SETTLEMENT AGREEMENT

113.    The terms and provisions of this Settlement Agreement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided however, the Parties may by agreement effect such amendments, modifications, or expansions of this Settlement Agreement and its implementing documents (including the exhibits hereto) without notice to or approval by the Court if such changes (a) are consistent with the Court's Preliminary Approval Order, the Court's Final Approval Order, or the Court's Class Fee and Expenses Order, and (b) do not unreasonably limit the rights of Settlement Class Members under this Settlement Agreement.

27

114.    The Parties may agree to implement the terms of the Settlement prior to the Final Settlement Date in accordance with the terms, conditions, dates, and time periods specified in this Settlement Agreement; provided however, that (a) all related procedures and matters will be suspended upon the filing of a notice of appeal of the Final Approval Order; and (b) TLIC will in no event have any obligation to pay, credit, implement, or otherwise effect any Settlement Relief prior to the Final Settlement Date, except as otherwise provided herein or agreed by the Parties.

115.    This Settlement Agreement will terminate at the sole option and discretion of TLIC or Plaintiffs if: (a) the Court or an appellate court(s) with jurisdiction over any appeal taken from the Court, rejects, modifies, or denies approval of any material portion of this Settlement Agreement; or (b) the Court, or any appellate court(s) with jurisdiction over any appeal taken from the Court, does not enter or completely affirm, or modifies, alters, narrows or expands, any material portion of the Final Approval Order. The terminating Party must exercise the option to withdraw from and terminate this Settlement Agreement, as provided in this Paragraph 115, in writing no later than ten (10) days after receiving notice of the event prompting the termination.  The Parties will be returned to their *status quo ante*.

116.    Notwithstanding the preceding Paragraph 115, no Party may terminate this Agreement based solely on the amount of attorneys' fees and expenses awarded or approved by the Court or any appellate court(s).

117.    Notwithstanding anything in this Settlement Agreement, if the total number of persons and/or entities in the Settlement Class who submit Requests for Exclusion from the Class, or on whose behalf requests for such Request for Exclusion are submitted, exceeds the number set forth in the confidential agreement between the Parties executed and delivered as of the Execution Date ("the Confidential Termination Agreement"), TLIC will have the option, in its sole and absolute discretion, to withdraw from the Settlement and terminate this Settlement Agreement in writing no later than thirty (30) days from the close of the exclusion period. The Confidential Termination Agreement may be disclosed to the Court *in camera* should the Court so request.

118.    The Parties agree to keep the content of the Confidential Termination Agreement

28

referenced in the preceding Paragraph 117 strictly confidential. TLIC may disclose the other terms of the Settlement as necessary in its public disclosures and press releases or to its shareholders, rating agencies, regulators or accountants. Plaintiffs may disclose the other terms of the Settlement publicly as Co-Lead Class Counsel deems reasonably appropriate and necessary, or as necessary to comply with applicable law or regulation.

119. If an option to withdraw from and terminate this Settlement Agreement arises under Paragraph 115: (a) neither TLIC nor Plaintiffs are required for any reason or under any circumstance to exercise that option; and (b) any exercise of that option must be made in good faith.

120. If this Agreement is terminated pursuant to the preceding paragraphs in this Section XII, then:

a. This Settlement Agreement will be null and void and will have no force or effect, and no party to this Agreement will be bound by any of its terms;

b. All Parties will bear their own costs and expenses incurred in connection with the terminated settlement approval process, including specifically the Class Notice and administrative costs incurred by TLIC under Section III Paragraph 69;

c. Releasees, including TLIC, expressly and affirmatively reserve all defenses, arguments, and motions as to all claims that have been or might later be asserted in the Consolidated Actions, including but not limited to, any applicable statutes of limitation, any objections to personal jurisdiction, and the argument that the Consolidated Actions may not be litigated as a class action;

d. Plaintiffs expressly and affirmatively reserve all arguments, assertions and all motions as to all claims that have been or might later be asserted in the Consolidated Actions.

e. All provisions of this Settlement Agreement, and all negotiations, statements, and proceedings relating to this Settlement Agreement, will be without prejudice to the

29

rights of TLIC, Plaintiffs, or any Settlement Class Member, all of whom will be restored to their respective positions existing immediately before the Execution Date;

f.  This Settlement Agreement, the fact of its having been made, the negotiations leading to it, and/or any action taken by a Party or Settlement Class Member pursuant to this Agreement will not be admissible or entered into evidence for any purpose whatsoever in any other legal proceeding other than the Consolidated Actions.

## XIII.   GENERAL MATTERS AND RESERVATIONS

121.    TLIC's consent to the Court's exercise of personal jurisdiction is limited to the Consolidated Actions and is strictly made for the limited purpose of implementing this nationwide class Settlement.  TLIC's consent to jurisdiction shall not operate as a waiver in any other litigation.  In the event this Settlement Agreement is terminated in accordance with Section XII or if the Final Settlement Date is not attained for any reason, TLIC's consent to the Court's exercise of personal jurisdiction will be considered withdrawn.

122.    The Parties and the Parties' Counsel agree that their discussions and the information exchanged in the course of negotiating this Settlement are confidential under the terms of the mediation agreement signed by the Parties in connection with the mediation sessions with David Geronemus and follow-up negotiations between the Parties' Counsel.  Such exchanged information was made available on the condition that neither the Parties nor their counsel may disclose it to third parties (other than experts or consultants retained by the Parties in connection with the Consolidated Actions), and that it not be publicly disclosed or used by the Parties or their counsel in any way in the Consolidated Actions should it not settle, or in any other proceeding; provided, however, that nothing contained herein will prohibit the Parties from seeking such information through formal discovery if not previously requested through formal discovery or from referring to the existence of such information in connection with the Settlement of the Consolidated Actions.

123.    The Parties and the Parties' Counsel agree that the Confidential Information made

30

available to them through the discovery process was made available on the condition that neither the Parties nor their counsel may disclose it to third parties except in accordance with the terms of the Stipulated Protective Order. The Parties agree to comply with the Stipulated Protective Order with respect to the return or destruction of Confidential Information.

124. The Parties will attempt to resolve any disputes that may arise concerning the interpretation of this Settlement Agreement in good faith. The Parties agree to mediate any disputes regarding the interpretation of this Settlement Agreement or exhibits attached hereto with the Mediator prior to seeking Court involvement. If the Parties fail to resolve the dispute after mediation, the Court retains jurisdiction to resolve such disputes without regard to any mediator recommendation.

125. Co-Lead Class Counsel represent that they (a) are authorized to enter into this Settlement Agreement on behalf of Plaintiffs and (b) are doing so to protect the best interests of the Settlement Class.

126. Plaintiffs represent and certify that: (a) they have agreed to serve as representatives of the Settlement Class proposed to be certified for settlement purposes herein; (b) they remain willing, able, and ready to perform all of the duties and obligations of a representative of the Settlement Class; (c) they are familiar with the allegations in their respective Actions, including the complaints, or have had the contents of such allegations described or conveyed to them; (d) they have consulted with Plaintiffs' Counsel about their respective Actions (including discovery conducted in the Consolidated Action), this Settlement Agreement, and the obligations as class representatives; (e) they have authorized Co-Lead Class Counsel to execute this Settlement Agreement on their behalf; and (f) they will remain and serve as a representative of the Settlement Class until the terms of this Settlement Agreement are effectuated and fully implemented, this Settlement Agreement is terminated in accordance with its terms, or, with respect to an individual Plaintiff, the Court at any time determines that said Plaintiff cannot represent the Settlement Class.

127. The undersigned TLIC representatives represent that they are authorized to enter into this Settlement Agreement on behalf of TLIC.

31

128.    This Settlement Agreement, including the exhibits hereto, which are an integral part of this Settlement Agreement, sets forth the entire agreement among the Parties with respect to its subject matter, and it may not be altered or modified except by written instrument executed by all Parties' Counsel or authorized representatives.  The Parties expressly acknowledge that no other agreements, arrangements, or understandings not expressed or referred to in this Settlement Agreement exist among or between them.

129.    The terms "he or she" and "his or her" include "it" or "its," where applicable. Defined terms expressed in the singular also include the plural form of such term, and vice versa, where applicable.

130.    This Settlement Agreement and any ancillary agreements will be governed by and interpreted in accordance with the laws of the State of California, without reference to its choice of law or conflict of laws rules.

131.    Whenever this Settlement Agreement requires or contemplates that one Party will or may give notice to the other, notice will be provided by e-mail and/or next-day (excluding Saturday and Sunday) express delivery service as follows:

If to TLIC, then to:

Thomas F.A. Hetherington
McDowell Hetherington LLP
1001 Fannin St. Ste. 2700
Houston, TX 77002
Tel: 713-337-5580
Fax: 713-337-8850
E-mail:     tom.hetherington@mhllp.com

If to Plaintiffs, then to:

Andrew S. Friedman
Bonnett, Fairbourn, Friedman & Balint, PC
2325 East Camelback Road, Suite 300
Phoenix, Arizona 85016
Tel: 602-274-1100
Fax: 602-274-1199
E-mail:     afriedman@bffb.com

Harvey Rosenfield
Consumer Watchdog
6330 San Vicente Blvd., Suite 250

32

Los Angeles, CA 90048
Tel: 310-392-0522
Fax: 310-392-8874
E-mail: Harvey@consumerwatchdog.org

Adam M. Moskowitz
The Moskowitz Law Firm, PLLC
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134
Tel: 305-479-5508
Fax: 786-409-2816
E-mail: adam@moskowitz-law.com

132. All time periods set forth herein will be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Settlement Agreement or by order of court, the day of the act, event, or default from which the designated period of time begins to run will not be included. Each other day of the period to be computed will be included, including the last day thereof, unless such last day is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the Clerk of the Court inaccessible, in which event the last day of the period will be the next day that is not one of the aforementioned days. As used in this paragraph, "legal holiday" includes New Year's Day, Martin Luther King, Jr. Day, Presidents' Day, Memorial Day, Independence Day, Labor Day, Columbus Day, Veterans Day, Thanksgiving Day, Christmas Day and any other day appointed as a holiday by the President or the Congress of the United States.

133. The Parties reserve the right to agree between themselves on any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

134. The Parties agree that (a) this Settlement Agreement is clear and unambiguous, has been drafted and negotiated by counsel for the Parties at arm's length, and will not be construed more strictly against any of the Parties; and (b) no parol or other evidence may be offered to explain, construe, contradict, or clarify the terms of this Settlement Agreement, the intent of the Parties or their counsel, or the circumstances under which this Settlement Agreement was made or

33

executed.

135.     TLIC considers it desirable for the Consolidated Actions to be settled and dismissed, because this Settlement will: (a) provide substantial benefits to Settlement Class Members through processes that provide fair and adequate procedural and substantive protections both to Settlement Class Members and to TLIC; (b) put to rest Plaintiffs' claims and the underlying matters; and (c) avoid the substantial expense, burden, and uncertainties associated with the continued litigation of those claims. In no event may this Settlement Agreement, any of its provisions or any negotiations, statements, or court proceedings relating to them in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Consolidated Actions, any other action, or in any judicial, administrative, regulatory, or other proceeding, except in a proceeding to enforce this Settlement Agreement. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings will be construed as, offered as, received as, used as, or deemed to be evidence or an adjudication, admission, or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, TLIC or Plaintiffs, or as a waiver by TLIC or Plaintiffs of any applicable claims or defenses.

136.     TLIC represents, warrants, and covenants, as to the payments made by or on behalf of TLIC, at the time of such payment that TLIC made or caused to be made pursuant to this Settlement Agreement, it was not insolvent, nor did nor will the payment required to be made by or on behalf of TLIC render TLIC insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code.

137.     Neither this Settlement Agreement nor any of the relief to be offered under the proposed Settlement will be interpreted to alter in any way the contractual terms of any Policy, or to constitute a novation of any Policy, except as expressly provided by this Settlement Agreement or the relief granted in accordance with the terms of this Settlement Agreement.  This Settlement Agreement does not, and will not be deemed to, create any fiduciary or similar relationship between TLIC and any of its current, past, or prospective policyholders or contract owners.  This

Settlement Agreement does not impose, and will not be deemed to impose, any fiduciary or other similar duty on TLIC, and TLIC expressly disclaims any fiduciary or other similar duties. The duties and obligations assumed by TLIC as a result of this Settlement Agreement are limited to those expressly set forth in this Settlement Agreement.

138.     Punitive or exemplary damages are not available to any Settlement Class Member under the proposed Settlement described in this Settlement Agreement, and none of the proposed Settlement Relief shall include or constitute, or be deemed to include or constitute, punitive or exemplary damages.

139.     No opinion concerning the tax consequences of the proposed Settlement to any person or entity in the Settlement Class is given or will be given by TLIC, counsel for TLIC, or counsel for Plaintiffs or for the Settlement Class, nor are any representations or warranties in this regard made by virtue of this Settlement Agreement. The Class Notice will direct persons and entities in the Settlement Class to consult their own tax advisors regarding the tax consequences of the proposed Settlement, including the tax consequences of any payments, credits, and payment periods provided for hereunder, and any tax reporting obligations they may have with respect thereto. The tax obligations of each Settlement Class Member, and the determination thereof, are the sole responsibility of each such person and entity, and it is understood that the tax consequences of the Settlement may vary depending on the particular circumstances of each such person and entity.

140.     The Parties, their successors and assigns, and their attorneys undertake to implement the terms of this Settlement Agreement in good faith, and to use good faith in resolving any disputes that may arise in the implementation of the terms of this Agreement.

141.     The Parties, their successors and assigns, and their attorneys agree to cooperate fully with one another in seeking court approval of this Settlement Agreement and in preparing all final approval papers and to use their commercially reasonable best efforts to affect the prompt consummation of this Settlement Agreement and the proposed Settlement.

142.     This Settlement Agreement may be signed in counterparts, each of which will

constitute a duplicate original.


**For Plaintiffs Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997):**

Agreed to this ____ day of October, 2018.

By: _____
Andrew S. Friedman
Bonnett, Fairbourn, Friedman & Balint, PC
**Co-Lead Class Counsel**


By: _____
Harvey Rosenfield
Consumer Watchdog
**Co-Lead Class Counsel**


By: _____
Adam M. Moskowitz
The Moskowitz Law Firm
**Co-Lead Class Counsel**



**For Defendant Transamerica Life Insurance Company:**


Agreed to this ____ day of October, 2018:


By: _____
Jay Orlandi
Executive Vice President, Chief Legal and Administrative Officer
**Transamerica Life Insurance Company**



36

constitute a duplicate original.

**For Plaintiffs Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997):**

Agreed to this **3** day of October, 2018.

By: _____

     Andrew S. Friedman
     Bonnett, Fairbourn, Friedman & Balint, PC
     **Co-Lead Class Counsel**

By: _____

     Harvey Rosenfield
     Consumer Watchdog
     **Co-Lead Class Counsel**

By: _____

     Adam M. Moskowitz
     The Moskowitz Law Firm
     **Co-Lead Class Counsel**

**For Defendant Transamerica Life Insurance Company:**

Agreed to this _____ day of October, 2018:

By: _____

     Jay Orlandi
     Executive Vice President, Chief Legal and Administrative Officer
     **Transamerica Life Insurance Company**

36

constitute a duplicate original.

**For Plaintiffs Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997):**

Agreed to this 3ʳᵈ day of October, 2018.

By: _____

   Andrew S. Friedman
   Bonnett, Fairbourn, Friedman & Balint, PC
   **Co-Lead Class Counsel**

By: _____

   Harvey Rosenfield
   Consumer Watchdog
   **Co-Lead Class Counsel**

By: _____

   Adam M. Moskowitz
   The Moskowitz Law Firm
   **Co-Lead Class Counsel**

**For Defendant Transamerica Life Insurance Company:**

Agreed to this ____ day of October, 2018:

By: _____

   Jay Orlandi
   Executive Vice President, Chief Legal and Administrative Officer
   **Transamerica Life Insurance Company**

36

constitute a duplicate original.


**For Plaintiffs Gordon & Mary Feller, Andrew Kriegman (as trustee for the Adrienne L. Hendler Revocable Trust dated 6/4/1993, the Elizabeth Kriegman Revocable Trust dated 6/8/1993, and the Patricia Sokolow Revocable Trust dated 6/4/1993), Gerald R. Lyons, Donna M. & Clarence E. White, Gail Thompson (individually and as power of attorney for Lois Thompson), and Eric Schneck (as co-trustee of the Burton I. Schneck Irrevocable Life Insurance Trust dated 2/24/1997):**

Agreed to this _____ day of October, 2018.


By: _____

     Andrew S. Friedman
     Bonnett, Fairbourn, Friedman & Balint, PC
     **Co-Lead Class Counsel**


By: _____

     Harvey Rosenfield
     Consumer Watchdog
     **Co-Lead Class Counsel**


By: _____

     Adam M. Moskowitz
     The Moskowitz Law Firm
     **Co-Lead Class Counsel**



**For Defendant Transamerica Life Insurance Company:**

Agreed to this ____ day of October, 2018:

By: _____

     Jay Orlandi
     Executive Vice President, Chief Legal and Administrative Officer
     **Transamerica Life Insurance Company**


36

# EXHIBIT A

## Settlement Agreement and Release

## Exhibit A: List of Affected Plan Codes (Waves 1, 2A, 2B &3)

| Wave | Plan | Product Group | Wave | Plan | Product Group |
|---|---|---|---|---|---|
| Wave 1 | TX8L | TRANSMAX WAVE 1 | Wave 2a | UL1X76 | TRANSCENDER |
| Wave 1 | TULAL | TRANSULTRA 91 | Wave 2a | UL1X56 | TRANSMAX (100&250) |
| Wave 1 | TULBL | TRANSULTRA 93 | Wave 2a | UL1X57 | TRANSMAX (100&250) |
| Wave 1 | TULCL | TRANSULTRA 95,96 | Wave 2a | UL1X58 | TRANSMAX (100&250) |
| Wave 1 | TMXSL | TRANSMAX SURVIVOR 90,91 | Wave 2a | UL1X59 | TRANSMAX (Pocket Guide) |
| Wave 1 | TSLAL | TRANSSURVIVOR LIFE 92 | Wave 2a | UL1X66 | TRANSMAX |
| Wave 1 | TSLBL | TRANSSURVIVOR LIFE 95,96 | Wave 2a | UL1X67 | TRANSMAX |
| Wave 2a | UL1X03 | ASSURED LIFE (1/15/85 Vers) | Wave 2a | UL1X68 | TRANSMAX |
| Wave 2a | UL1X04 | ASSURED LIFE (4/1/85 Vers) | Wave 2a | UL1X69 | TRANSMAX |
| Wave 2a | UL1X05 | ASSURED LIFE (4/1/85 Vers) | Wave 2a | UL1X70 | TRANSMAX |
| Wave 2a | UL1X82 | PREFERRED POLICYOWNERS LIFE | Wave 2a | UL1X71 | TRANSMAX |
| Wave 2a | UL1X83 | PREFERRED POLICYOWNERS LIFE | Wave 2a | UL1X0048 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1X84 | PREFERRED POLICYOWNERS LIFE | Wave 2a | UL1X0059 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1X85 | PREFERRED POLICYOWNERS LIFE | Wave 2a | UL1X0148 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1XA1 | ASSURED LIFE T7 | Wave 2a | UL1X0159 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1XB1 | ASSURED LIFE T7 | Wave 2a | UL1X0248 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1XC1 | ASSURED LIFE T7 | Wave 2a | UL1X0848 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1XD1 | ASSURED LIFE T7 | Wave 2a | UL1X0859 | ASSURED LIFE (1/15/85 Vers) |
| Wave 2a | UL1XE1 | ASSURED LIFE T7 | Wave 2b | TULTRVX5 | TRANSULTRA EX |
| Wave 2a | UL1XF1 | ASSURED LIFE T7 | Wave 2b | TULTRASP | TRANSULTRA SP |
| Wave 2a | UL1XO1 | ASSURED LIFE T7 | Wave 2b | TULTRVEX | TRANSULTRA EX |
| Wave 2a | UL1XP1 | ASSURED LIFE T7 | Wave 2b | TULTCVALB | TRANSULTRA EX |
| Wave 2a | UL1XQ1 | ASSURED LIFE T7 | Wave 2b | TULTOVEX | TRANSULTRA EX |
| Wave 2a | UL1XR1 | ASSURED LIFE T7 | Wave 3 | TSSLXL | TSSL XL |
| Wave 2a | UL1XM1 | ASSURED LIFE T7 | Wave 3 | TSSLEA2K | TSSL 2000 |
| Wave 2a | UL1XN1 | ASSURED LIFE T7 | Wave 3 | TSSLEALB | TSSL EX (EX1) |
| Wave 2a | UL1X36 | TRANSLIFE | Wave 3 | TSSLRVEX | TSSL EX (EX2) |
| Wave 2a | UL1X37 | TRANSLIFE | Wave 3 | TULTCXL1 | TRANSULTRA XL (RAP) |
| Wave 2a | UL1X38 | TRANSLIFE | Wave 3 | TULTOXL1 | TRANSULTRA XL (RAP) |
| Wave 2a | UL1X15 | TRANSLIFE | Wave 3 | TULTPXL1 | TRANSULTRA XL (RAP) |
| Wave 2a | UL1X33 | TRANSLIFE | Wave 3 | TULTRACXL | TRANSULTRA XL |
| Wave 2a | UL1X34 | TRANSLIFE | Wave 3 | TULTRAOXL | TRANSULTRA XL |
| Wave 2a | UL1X35 | TRANSLIFE | Wave 3 | TULTRAPXL | TRANSULTRA XL |

37

# EXHIBIT B

<u>UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA</u>

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND FAIRNESS HEARING

**If you are or were the owner of any of the following life insurance policies from Transamerica Life Insurance Company originally issued between 1983 and 2008, you may get important monetary and additional benefits from a proposed class action settlement:**

**Assured Life, Assured Life T7, Preferred Policyowners Life, Transcender, TransLife, TransMax, TransMax Survivor 90, TransMax Survivor 91, TransSurvivor Life 92, TransSurvivor Life 95, TransSurvivor Life 96, TransUltra 91, TransUltra 93, TransUltra 95, TransUltra 96, TransUltra EX, TransUltra XL, TransUltra SP, TSSL, TSSL 2000, TSSL EX, TSSL XL**

*The United States District Court authorized this notice.*
*This is not a solicitation from a lawyer. You are not being sued.*

**YOUR LEGAL RIGHTS ARE AFFECTED WHETHER YOU ACT OR DO NOT ACT. PLEASE READ THIS NOTICE CAREFULLY.**

You received this Notice because you have been identified by Transamerica Life Insurance Company (referred to in this Notice as "Transamerica") as a current or former owner of a life insurance policy that is included in the proposed Settlement of five class action lawsuits (collectively, the "Consolidated Lawsuits") against Transamerica. The Court directed that this Notice be sent to you because you have the right to know about the proposed Settlement, and your rights and options, before the Court decides whether to approve it.

This Notice explains the Consolidated Lawsuits, the proposed Settlement, your potential legal rights under the Settlement, what benefits are included in the proposed Settlement, who is eligible for the proposed Settlement benefits, and when the Settlement benefits will become available if the Court approves the proposed Settlement.

**You should consult your own tax advisors regarding the possible tax consequences of the proposed Settlement, including any payments you may receive and any tax reporting obligations you may have as a result. You also may want to consult with your own insurance agent or consultant regarding your own Policy and the implications of the Proposed Settlement for your Policy.**

QUESTIONS? Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

| **SUMMARY OF YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT** | |
|---|---|
| **YOU CAN DO NOTHING IN RESPONSE TO THIS NOTICE** | If you do nothing in response to this Notice, and the proposed Settlement is approved by the Court, you will receive the Settlement benefits to which you are entitled, as explained in detail in response to Question ▊▊▊ on page ▊▊▊.<br><br>You will also be bound by the Release described in response to Question ▊▊, which means you will give up any right to bring your own lawsuit relating to any of the claims, facts, circumstances or transactions that were or could have been raised in the Consolidated Lawsuits. |
| **ASK TO BE EXCLUDED** | If you ask to be excluded from the Settlement Class, you will receive no monetary or injunctive benefits from the Settlement. This is the only option that allows you to initiate or participate in any other lawsuit against Transamerica about the claims in this case. |
| **OBJECT** | If you do not like the proposed Settlement, you may write to the Court to object and explain why, by complying with all of the requirements in this Notice, which are described in detail in response to Question ▊▊▊ on page ▊▊▊.<br><br>The Court will consider all timely and validly-submitted objections at the Fairness Hearing. The deadline for any objection is [date]. Lodging an objection does not exclude you from the proposed Settlement. If the proposed Settlement is approved despite your objection, you will receive the Settlement benefits to which you are entitled and you will be bound by the Release described in response to Question ▊▊ on page ▊▊▊. |
| **SPEAK AT THE FAIRNESS HEARING** | You are not required to hire your own counsel and/or attend or speak at the Fairness Hearing. If you have timely and properly objected to the Settlement, the Court will consider your objection without any requirement that you attend the Fairness Hearing. If you wish, you may write to the Court to request permission to speak at the Fairness Hearing, by following the directions in this Notice (*see* Question ▊▊ on |

QUESTIONS? Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

| | |
|---|---|
| | page __). The Fairness Hearing is presently scheduled for [date and time]. |
| **CONSULT WITH YOUR OWN ATTORNEY** | The lawyers appointed by the Court will represent the Settlement Class Members in this action, including with respect to this proposed Settlement, at no charge to you. If you want to hire your own attorney, at your own expense, however, you have the right to do so. |
| **BINDING EFFECT** | Once the Court approves the proposed Settlement and it becomes final, the Settlement will have a binding effect on all Settlement Class Members. If the Settlement becomes final, Settlement Class Members will give up all rights to sue Transamerica, as well as certain other related parties, concerning the claims, facts, circumstances or transactions that were or could have been raised in the Consolidated Lawsuits. This is known as a "release" and is described further in this Notice in response to Question __, on page ___. |

- These rights and options – and the procedures and deadlines to exercise them – are explained in more detail below. Please note, however, that this Notice is only a summary of the proposed Settlement. For the complete terms and conditions of the proposed Settlement, you should read the Settlement Agreement, which was filed with the Court and is available from the Settlement Administrator ([toll-free telephone]) or the official Settlement website ([web address]).

- The Court in charge of this case must still decide whether to approve the Settlement. **Settlement benefits will be available only if and after the Court approves the Settlement and that approval order becomes final. Please be patient.**

- If this Notice was not sent to your current address, please update your address by completing and returning the enclosed Change of Address Form, or by submitting an address update online at the Settlement website, at [address change URL].

QUESTIONS? Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION**................................................................................................PAGE __
    1. Why did I get this Notice?
    2. What are these lawsuits about?
    3. What is a "Monthly Deduction Rate"?
    4. What is a class action?
    5. Why is there a Settlement?

**WHO IS COVERED BY THE SETTLEMENT**.................................................................PAGE
    6. How do I know if I am part of the Settlement Class?
    7. What if I am not sure whether I am included in the Settlement Class?
    8. Are there exceptions to being included in the Settlement Class?

**THE SETTLEMENT BENEFITS**.....................................................................................PAGE __
    9. What does the Settlement provide?
    10. How do I participate in the Settlement? How do I make a claim?
    11. Will I receive a payment? How much will my payment be?
    12. When will I receive my payment?
    13. What am I giving up to stay in the Settlement Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.......................................................PAGE
    14. How do I get out of the Settlement and receive no benefits?
    15. If I do not exclude myself, can I sue the Defendant for the same thing later?
    16. If I exclude myself, can I still get a payment?

**THE LAWYERS REPRESENTING YOU**...........................................................................PAGE __
    17. Do I have a lawyer in the case?
    18. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**..............................................................................PAGE __
    19. How do I tell the Court if I do not like the Settlement?
    20. What is the difference between objecting and asking to be excluded?

**THE FAIRNESS HEARING**...........................................................................................PAGE __
    21. When and where will the Court decide whether to approve the Settlement?
    22. Do I have to attend the hearing?
    23. May I speak at the hearing?

**IF YOU DO NOTHING**……........................................................................................PAGE
    24. What happens if I do nothing at all?

**GETTING MORE INFORMATION**..................................................................................PAGE __
    25. Are there more details about the Settlement?
    26. How do I get more information?

**BASIC INFORMATION**

| 1.  Why did I get this Notice? |
| --- |

You received this Notice because you have been identified by Transamerica as a current or former owner of an insurance policy that is included in the proposed Settlement of the Consolidated Lawsuits against Transamerica. The Court directed the parties to send you this Notice so that you know about the proposed Settlement, and about the rights and options you have under the proposed Settlement, before the Court decides whether to approve it. If the Court approves the Settlement, Transamerica will provide the Settlement benefits described in this Notice to all members of the Settlement Class who do not choose to exclude themselves from the Settlement.

The Consolidated Lawsuits are pending before the United States District Court for the Central District of California, in Los Angeles, California. The Consolidated Lawsuits are: *Gordon & Mary Feller, et al., v. Transamerica Life Insurance Company*, No. 2:16-cv-01378, *Andrew Kriegman, as trustee, v. Transamerica Life Insurance Company*, No. 1:16-cv-21074-KMW, *Lois Thompson and Gail Thompson v. Transamerica Life Insurance Company*, No. 2:16-cv-03361-PA-SK, *Gerald R. Lyons v. Transamerica Life Insurance Company*, No. 8:16-cv-00973-CAS-AJW, and *Donna M. White and Clarence E. White v. Transamerica Life Insurance Company*, No. 2:16-cv-03578-CAS-AJW.[1] The people who brought the Consolidated Lawsuits are referred to in this Notice as the "Plaintiffs."

This Notice describes the claims asserted in the Consolidated Lawsuits, the proposed Settlement, your legal rights, what benefits are available, who is eligible for them, and when they will be made available. This Notice is only a summary. If you wish to review the full terms and conditions of the Settlement, you can obtain a copy of the Settlement Agreement by contacting the Settlement Administrator or visiting the Settlement website. *See* Question ▮▮▮ on page ▮▮▮.

| 2.  What are these lawsuits about? |
| --- |

The Plaintiffs contend that Transamerica's decision to increase Monthly Deduction Rates (referred to in this Notice as "MDRs") on certain Transamerica universal life insurance policies beginning in August 2015, and on other Transamerica universal life insurance policies beginning in March 2016 (collectively referred to in this Notice as the "Policies"), was unlawful and in violation of the terms of the Policies. Transamerica denies these contentions and maintains that it did nothing wrong in adopting the challenged MDR increases (the "MDR Increases"). The Consolidated

---

[1] *Andrew Kriegman, as trustee, v. Transamerica Life Insurance Company*, No. 1:16-cv-21074-KMW was originally filed in the Southern District of Florida. The case was subsequently dismissed and the Plaintiff in *Kriegman* joined as a Plaintiff in a consolidated Amended Complaint filed in *Feller v. Transamerica*, No. 2:16-cv-01378. All of the Plaintiffs have litigated the Consolidated Actions together before this Court.

Lawsuits do not involve additional MDR increases Transamerica imposed on a different set of policies beginning in 2017.

---

**3.  What is a "Monthly Deduction Rate"?**

---

The Transamerica Policies are a type of universal life insurance. Universal life insurance policies typically combine a death benefit component (the amount paid upon the death of the insured) with a savings component, which Transamerica calls an "accumulation value." Policyholders pay periodic premiums to Transamerica that are deposited in their policies' accumulation value, which are guaranteed to earn interest at no less than the minimum rate set in the Policies. The Policies give policyholders flexibility in the amount of premiums to be paid, so long as the accumulation value is sufficient to cover the cost of insurance and other expense charged monthly by Transamerica, which are called "Monthly Deductions." Transamerica calculates the monthly deduction by multiplying (a) the difference between the policy's death benefit and the accumulation value by (b) a factor Transamerica calls the "Monthly Deduction Rate" ("MDR"). The higher the MDR, the higher the monthly deduction withdrawn by Transamerica from the accumulation value.

In the Consolidated Lawsuits, the Plaintiffs challenged the MDR Increases that Transamerica announced in 2015 and 2016.

It is important to understand that the Consolidated Lawsuits challenged only the MDR Increases, not premium increases which may have occurred for reasons unrelated to the MDR Increases. For example, if during the preceding years you did not pay enough premiums to maintain your Policy's accumulation value at a high enough level during a time when the interest rates that Transamerica credited to the accumulation value declined, you would face significantly increased premium payments even if there were no MDR Increases.

---

**4.  What is a class action?**

---

In a class action, one or more people sue on behalf of themselves and other people with similar claims. If the court certifies the group as a class, the court can thereafter resolve the disputed issues in a single lawsuit for all members of the class, either by trial, a motion or through a settlement.

In the Consolidated Lawsuits, the Plaintiffs and Transamerica reached the proposed Settlement after participating in a mediation before an experienced and highly qualified mediator. As part of the proposed Settlement, the parties requested the Court to certify a Settlement Class including all Policies that were subject to the MDR Increases, whether in-force or that lapsed, matured or were surrendered ("Terminated Policy"). The Court certified the Settlement Class after determining that all requirements were met, appointed certain Plaintiffs to serve as the Class Representatives for the Settlement Class, and appointed Class Counsel to represent the Settlement Class in connection with the settlement approval process.

**5.  Why is there a Settlement?**

The Court has not decided the claims in favor of either the Plaintiffs or Transamerica. Instead, both sides have compromised and agreed to a settlement. The Settlement Agreement, if approved, will resolve the claims alleged in the Consolidated Lawsuits in a manner that takes into consideration the interests of all involved parties. Class Counsel have advised the Court that the Settlement is the result of extensive, arm's-length negotiations between Class Counsel and Transamerica, with the assistance of an experienced mediator, and is based upon a thorough examination of the legal and factual issues raised in the Consolidated Lawsuits, the information obtained over the course of the litigation, the inevitable costs and delays associated with continued litigation, and the risk that Settlement Class members might receive nothing if the litigation were to proceed. By agreeing to settle, both sides avoid the cost and risk of a trial and appeal, and the Settlement Class members will receive compensation much sooner than they otherwise would.

The Class Representatives and Class Counsel believe the Settlement is in the best interests of the Settlement Class. The Settlement does not mean that Transamerica has conceded that it did anything wrong. If the Settlement is approved by the Court, members of the Settlement Class will be entitled receive the Settlement benefits described below. In return, they will not be able to sue Transamerica based upon the MDR Increases that were at issue in the Consolidated Lawsuits, which will be dismissed.

### WHO IS COVERED BY THE SETTLEMENT

**6.  How do I know if I am part of the Settlement Class?**

Subject to the exceptions listed in response to Question __ on page ___, the Settlement Class certified by the Court in the Consolidated Lawsuits consists of <u>all persons or entities who own or owned a Transamerica Policy subject to the MDR Increases implemented by Transamerica during 2015 and 2016</u>. As used hereinafter, the term "Settlement Class Policies" means those Policies owned or formerly owned by members of the Settlement Class who do not exclude themselves from the Settlement.

Anyone who would otherwise be a member of the Settlement Class, but who decides to "opt out" of the Class (*see* Question __ on page ___) will not be included in the Settlement Class and will not receive the benefits of the Settlement.

**7.  What if I am not sure whether I am included in the Settlement Class?**

If you are not sure whether you are included in the Settlement Class, you can ask for free help. You can contact the Settlement Administrator by mail, toll-free telephone, email, or via the Settlement website. This contact information appears below. *See* Questions ___ and ___ on page _____.

QUESTIONS? Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com,
or Visit www.xxxx.com

If you are not sure whether you purchased one or more of the Policies, or the date of the purchase, you may be able to make this determination yourself by reviewing various documents that Transamerica previously sent to you concerning your policy. For example, the annual policy statements from Transamerica identify the name of the particular policy purchased and the date of issuance of the policy.

---

**8.  Are there exceptions to being included in the Settlement Class?**

Yes. There are five categories of exceptions to being included in the Settlement Class. If you fall within any of these categories (or if you are a subsequent owner, co-owner or beneficiary of a Settlement Class Policy owned by such excluded person), you are not a member of the Settlement Class:

1.      The Honorable Christina A. Snyder, United States District Court Judge of the Central District of California (or other Circuit, District, or Magistrate Judge presiding over the Consolidated Lawsuits through which this matter is presented for settlement) and court personnel employed in Judge Snyder's (or such other Judge's) chambers or courtroom.

2.      Transamerica and its parents, affiliates, subsidiaries, successors, predecessors, and any entity in which Transamerica has a controlling interest and their current or former officers and directors (except to the extent Transamerica or such other entity is the owner of a Settlement Class Policy held for the benefit of an individual who is not otherwise excluded from membership in the Settlement Class).

3.      Any officer or director of Transamerica reported in its Annual Statements during the Class Period, or entity in which Transamerica had a controlling interest at any relevant time, any member of those persons' immediate families and legal affiliates, heirs, controlling persons, agents, successors and predecessors in interest or assigns of any such excluded person or entity.

4.      Policyholders who properly execute and timely file a Request for Exclusion from the Settlement Class.

5.      The legal representatives, successors, or assigns of any of the foregoing excluded Transamerica policyholders (but only then in their capacity as legal representative, successor, or assignee).

**THE SETTLEMENT BENEFITS**

---

**9.  What does the Settlement provide?**

Transamerica will pay $195 million dollars into a Settlement Common Fund to be allocated among members of the Settlement Class.

Transamerica has also agreed that it will not impose any additional MDR increase(s) on any Settlement Class Policy within five (5) years of the date of the Settlement Agreement, unless ordered to do so by a state regulatory body.

Under the proposed Settlement, Transamerica has also agreed <u>not</u> to:

- Implement any future MDR increase(s) on a Settlement Class Policy in such a manner as to recover past losses.

- Void, rescind, cancel, have declared void, or otherwise deny coverage or death claims submitted under the Settlement Class Policies based on:

  o A lack of valid insurable interest under any applicable law or equitable principles; or
  o Any misrepresentations made on the original application while applying for the policies.

Transamerica has also agreed to pay the first $10 million in attorneys' fees and expenses that are approved by the Court, which would otherwise be paid from the Settlement Common Fund. In addition, Transamerica has agreed to pay the administrative expenses associated with the Settlement.

Finally, subject to applicable regulations, Transamerica has agreed to provide to Settlement Class Members, upon request and at no cost to the Settlement Class Member, an illustration depicting the impact of the Settlement Relief on the anticipated future performance of their respective in-force Class Policies. Settlement Class Members may make such a request by contacting the Settlement Administrator.

More details regarding each of the foregoing Settlement benefits are set forth in the Settlement Agreement, which is available at [**insert website**] or by writing to the Settlement Administrator:

[**settlement administrator address**]

| 10.  How do I participate in the Settlement? Do I need to make a claim? |
| --- |

Members of the Settlement Class do not have to do anything to receive the Settlement benefits to which they are entitled. Transamerica will calculate the amount that is payable to Settlement Class Members (*see* Question __ on page ___). Transamerica will then either (a) credit the accumulation value of Settlement Class Policies that are in-force, or (b) send a check in the case of a Terminated Policy. No claim forms need to be filed. If you opt-out of the Settlement and it is approved, you will not benefit from either the monetary or the additional benefits described the answer to Question 9 above.

**11. Will I receive a payment? How much will my payment be?**

After the payment of Court-approved attorney's fees and litigation expenses, the remaining Settlement Common Fund will be distributed to Settlement Class Members on a *pro rata* (or proportional) basis in a manner that generally corresponds to the increased Monthly Deductions you paid as a result of the MDR Increases. Settlement Class Members will receive an amount based generally on the difference between (a) the Monthly Deductions withdrawn from the accumulation value of a Settlement Class Policy after the MDR Increases went into effect and (b) the Monthly Deductions that would have been withdrawn under the prior MDR calculation during that time period. Payments to Settlement Class Members will be distributed as follows:

- Settlement Class Members with in-force Settlement Class Policies will be paid their share of the Settlement Common Fund by deposit made by Transamerica directly into the accumulation value of each Policy.

- Settlement Class Members with a Terminated Policy will be paid their share of the Settlement Common Fund by check.

The Settlement Agreement provides that no Settlement Class Member will receive a payment less than $100.

The actual amount available for each eligible Settlement Class Member will not be determined until after _____ and may not be determined until after the Settlement is final (that is, until there is no possibility of the Court's approval of the Settlement being reversed on appeal).

You can also contact the Settlement Administrator to obtain an estimate of the amount you may be entitled to under the Settlement Agreement, and to obtain an illustration depicting the potential impact of the Settlement Relief on the anticipated future performance of your Policy.

**You should consult your own tax advisors regarding the tax consequences of the proposed Settlement, including any payments you may receive and any tax reporting obligations you may have as a result. You may also want to consult with your own insurance agent, and/or another insurance consultant regarding how this Settlement affects your own Policy under your specific circumstances.**

**12. When will I receive my payment?**

Settlement Class Members who are entitled to payments will receive their payments after the Court grants final approval to the Settlement and after appeals, if any, are resolved and the Settlement is approved by the appellate courts (*see* Question ___ on page ___). If there are appeals, resolving them can take considerable time.

**13. What am I giving up to stay in the Settlement Class?**

Unless you exclude yourself, all of the decisions by the Court will bind you and, if the Settlement becomes final, you will give up your right to sue Transamerica and certain other parties for the conduct alleged in the Consolidated Lawsuits, as described in Section VIII of the Settlement Agreement ("the Release").

The Release extends to all claims that were asserted, or that could have been asserted, in the Consolidated Lawsuits relating to the MDR Increases, including, without limitation, all claims, damages, and administrative relief, known and unknown, as well as any further claim to recovery or relief that might become available as a result of actions by any state or federal government agencies.

The Release does not cover challenges to any future MDR increases imposed by Transamerica, except with respect to the protections provided to Settlement Class Members under the Settlement Agreement (*see* Question ___ on page ___). And the Release does not bar claims arising from any failure by Transamerica to pay future death benefits owed under a Settlement Class Policy.

Members of the Settlement Class expressly waive any and all rights that they may have under any law that would limit the release to claims that are actually known or suspected to exist at the time of the Settlement. Therefore, the provisions of Section 1542 of the California Civil Code, which provides as follows, will not apply: "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

The Settlement Agreement, which defines the Release, is available at [insert url] and describes the claims that you give up if you remain in the Settlement. If you have any questions you can talk to the law firms listed in Question __ for free, or you can of course talk to your own lawyer.

### EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to receive any payment or other benefits from the Settlement, and/or you want to keep the right to sue Transamerica about the issues in the Consolidated Lawsuits, then you must take steps to remove yourself from the Settlement Class. Requesting exclusion from a class is sometimes referred to as "opting out" of the class.

---

**14. How do I exclude myself from the Settlement Class and receive no benefits?**

---

To exclude yourself, mail a letter (your "Exclusion Request") to Class Counsel that says "I want to be excluded from the Settlement Class in *Feller v. Transamerica Life Insurance Company*, Case No. 2:16-cv-01378 CAS (AJWx)." You are required to include your name (or the name of the company or entity that owns the Transamerica policy), the account or policy number of all of your Transamerica Policies, your address and signature. If there are multiple policyholders with respect to a single Policy (such as spouses), all must sign unless the signatory holds a valid power of attorney to act on behalf of all owners of the Policy.

**TO BE EFFECTIVE, YOUR EXCLUSION REQUEST MUST BE MAILED TO THE FOLLOWING ADDRESS, POSTMARKED NO LATER THAN <mark>45 DAYS AFTER MAILING OF NOTICE</mark>:**

> Andrew S. Friedman, Esq.
> Bonnett, Fairbourn, Friedman & Balint, P.C.
> 2325 E. Camelback Road, Suite 300
> Phoenix, AZ 85016

A request to be excluded from the Settlement Class applies regardless of the number of Policies owned. The owner of multiple Policies thus cannot stay in the Settlement Class for some Policies and be excluded for others. However, if you own multiple Policies in a representative or agency capacity (such as a trustee, securities intermediary, or other similar agency) for more than one principal, you may request to exclude one principal while allowing other principals to remain in the Settlement Class.

| **15. If I do not exclude myself, can I sue Transamerica for the same thing later?** |
|---|

No. Unless you exclude yourself from the Settlement Class, you give up the right to sue Transamerica for the claims described in the Release (*see* Question <mark>___</mark> on page <mark>___</mark>).

| **16. If I exclude myself, can I still get the Settlement Benefits?** |
|---|

No. You will not receive any of the Settlement benefits if you exclude yourself from the Settlement Class.

### THE LAWYERS REPRESENTING YOU

| **17. Do I have a lawyer in the case?** |
|---|

Yes. The Court previously appointed three lawyers and their law firms to represent the Settlement Class with respect to this lawsuit:

> Andrew S. Friedman, Esq.
> **Bonnett, Fairbourn, Friedman & Balint PC**
> 2325 E Camelback Road
> Suite 300
> Phoenix, AZ 85016
>
> Harvey Rosenfield, Esq.
> **Consumer Watchdog**
> 6330 San Vicente Blvd., Suite 250
> Los Angeles, CA 90048

Adam M. Moskowitz, Esq.
**The Moskowitz Law Firm, PLLC**
2 Alhambra Plaza, Suite 601
Coral Gables, FL 33134

Together, these lawyers have been appointed to serve as Class Counsel. You will not be charged for the services of these lawyers. If you want to be represented by your own lawyer with regard to this case, you may hire one at your own expense.

---

**18.  How will the Plaintiffs' lawyers be paid?**

---

Plaintiffs' lawyers undertook this litigation knowing that they would be paid attorneys' fees and litigation expenses only in the event of a successful recovery and only to the extent approved by the Court. The Court will therefore determine how much Plaintiffs' Counsel will be paid from the Settlement Common Fund for their fees and expenses. You are not individually responsible for payment of any attorneys' fees and expenses.

Plaintiffs' Counsel will seek an award for Plaintiffs' attorneys' fees of up to 25% of the value of the Settlement Common Fund (after any reduction for the amount of Settlement benefits that would have been paid to policyholders who exclude their Policies from the Settlement). Plaintiffs' counsel will also seek reimbursement of the litigation expenses they have advanced on behalf of the Settlement Class over the course of the litigation not to exceed $_____, to be paid out of the Settlement Common Fund. However, as an additional important Settlement benefit, Transamerica has agreed to pay Plaintiffs' Counsel the first $10 million of the attorneys' fees and expenses awarded by the Court, separate and apart from the Settlement Common Fund.

Plaintiffs' counsel will also ask the Court to approve payment by Transamerica of up to $10,000 for each of the Plaintiffs who brought the case for their services on behalf of the Settlement Class. Again, the amount to be awarded is determined by the Court, and the Court may award less than these amounts.

Plaintiffs' Counsel will file with the Court a motion seeking approval of their application for an award of attorneys' fees, litigation expenses and service awards to the Plaintiffs on or before _____. If you do not exclude yourself from the Settlement Class, you have the right to file a written objection to Plaintiffs' Counsel's application for an award of attorneys' fees, litigation expenses and service awards to the Plaintiffs on or before _____. *See* Question ___, below. Plaintiffs' Counsel have the right to file a reply addressing any issues raised by you in your written response.

<u>**OBJECTING TO THE SETTLEMENT**</u>

You can tell the Court that you don't agree with the Settlement or some part of it.

---

**19.  How do I tell the Court if I do not like the Settlement?**

---

If you are a Settlement Class Member, and you choose *not* to exclude yourself from the Settlement Class, you can object to any term(s) of the Settlement, including Plaintiffs' Counsels' request for an award of attorneys' fees, litigation expenses and service awards to the Plaintiffs. Plaintiffs and Transamerica have a right to respond to your objections. The Court will then consider your views in connection with the Fairness Hearing described below.

To object, you must <u>timely</u> file with the Court a written objection to the proposed Settlement. Your written objection must be signed and dated, and must include the following information:

1.    A statement that your objection applies to *Feller v. Transamerica*, Case No. 2:16-cv-01378;

2.    Your name, address, and telephone number;

3.    The Transamerica Policy number (or numbers) in which you claim an interest;

4.    Why you object (the factual and legal reasons for your objection);

5.    If you are represented by an attorney concerning your objection, your written objection must also include your attorney's name, address, and telephone number.

If you want to present evidence at the Fairness Hearing, your written objection must also identify any witness or witnesses you plan to present and you must enclose copies of any records or documents you plan to present.

You must mail your written objection to (a) the Court, (b) Class Counsel and (c) Transamerica's Counsel. **TO BE CONSIDERED, YOUR OBJECTION MUST BE MAILED TO THE FOLLOWING ADDRESS, POSTMARKED NO LATER THAN 45 DAYS AFTER MAILING OF NOTICE:**

> Clerk of the Court
> U.S. District Court
> Central District of California
> 350 W. First Street, Suite 4311
> Los Angeles, CA 90012

If you do not timely and properly file your objection in accordance with all of the above requirements, you will not be treated as having filed a valid objection to the Settlement.

---

**20.  What is the difference between objecting and asking to be excluded?**

---

An objection simply tells the Court that you don't like something about the Settlement. You can object only if you do not exclude yourself from the Settlement Class. You will still receive any

benefits of the Settlement to which you are entitled. And any judgment entered in the Consolidated Lawsuits will still be binding on you even if you have objected to the proposed Settlement.

A request to exclude yourself from the Settlement Class tells the Court that you do not want to be part of the Settlement Class and you do not want to participate in the Settlement. If you exclude yourself, you have no basis to object because the Consolidated Lawsuits no longer affect you in any way.

### THE FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement, Plaintiffs' counsels' requests for fees and expenses and the proposed service awards to the Plaintiffs. You may attend and you may ask to speak, but you do not have to do so in order to have your objection considered by the Court in deciding whether to approve the Settlement.

### 21. When and where will the Court decide whether to approve the Settlement?

The Court will hold a Fairness Hearing at _____ on _____, 2019, at the United States Courthouse, Los Angeles, California, in the courtroom of the Honorable Christina A. Snyder, Courtroom 8D — 8th Floor. The Court is located at 350 W. First Street, Los Angeles, CA 90012.

Sometimes, a Court will change the scheduled date or time for a hearing to a different date or time. If this occurs, the changed hearing date or time will be posted on the Settlement website. You can also contact the Settlement Administrator by toll-free telephone or e-mail to confirm the Fairness Hearing date and time if you plan to attend. If you have submitted a timely and valid request to speak at the hearing, you will be sent written notice of any changed hearing date or time.

At the Fairness Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. If there are any objections, the Court will consider them at that time. The Court may, but is not obligated to, permit people to speak at the hearing who, prior to the hearing, properly and timely requested to do so. The Court will also consider how much to pay Plaintiffs' Counsel in attorneys' fees and litigation expenses, and whether to approve the service award to the Plaintiffs.

At or following the hearing, the Court will rule on all issues before it. We do not know when the Court will make that decision. The Court will enter one or more written orders containing its rulings on issues presented to it at the Fairness Hearing. Copies of such orders will be posted on the Settlement website.

### 22. Do I have to attend the hearing?

No. Class Counsel and Counsel for Transamerica will answer any questions the Court may have. But you are welcome to come to the Fairness Hearing if you wish, at your own expense. You may also pay your own lawyer to attend, but it is not necessary. If you submit a written objection, you

do not have to come to the Fairness Hearing. As long as you filed your written objection with the Court on time and in the manner described by this Notice, the Court will consider it.

**23. May I speak at the hearing?**

You may ask the Court for permission to speak at the Fairness Hearing by following the instructions in this section. You are not required, however, to attend or speak at the Fairness Hearing. The Court will determine who is permitted to speak at the Fairness Hearing and for how long.

If you have not excluded yourself from the Settlement Class and you have filed an objection on time and in the manner described in this Notice, you may ask the Court for permission to speak in support of that objection. You will not be permitted to speak in support of an objection to the Settlement if you have not properly submitted a written objection. You will also not be permitted to raise any new or different objection at the Fairness Hearing that was not raised in your previously submitted written objection.

If you wish to speak at the Fairness Hearing, you must send a letter saying that it is your "Notice of Intention to Appear." Your letter must be signed and dated, and must include the following information:

1.    A statement that your Notice of Intention to Appear applies to *Feller v. Transamerica*, Case No. 2:16-cv-01378;

2.    Your name, address, and telephone number;

3.    The Policy number (or numbers) in which you claim an interest;

4.    Your attorney's name, address, and telephone number (if applicable).

If you want to present evidence at the Fairness Hearing, your letter must also identify any witness or witnesses you plan to present and you must enclose copies of any records or documents you plan to present.

**TO BE CONSIDERED, YOUR "NOTICE OF INTENTION TO APPEAR" MUST BE MAILED TO THE FOLLOWING ADDRESS, POSTMARKED NO LATER THAN 14 DAYS BEFORE THE DATE OF THE FARINESS HEARING:**

> Clerk of the Court
> U.S. District Court
> Central District of California
> 350 W. First Street, Suite 4311
> Los Angeles, CA 90012

If an attorney intends to appear on your behalf, in addition to the foregoing "Notice of Intention to Appear," your attorney must file and serve on Class Counsel and Transamerica's Counsel an entry of appearance in the action, by the same deadline.

Neither you nor your attorney may speak at the Fairness Hearing if you and/or your attorney do not follow these procedures, or if you have excluded yourself from the class.

### IF YOU DO NOTHING

| 24. What happens if I do nothing at all? |
|---|

If you do nothing, you will remain included in the Settlement Class and be eligible to receive all Settlement benefits to which you are entitled once the Settlement is approved and becomes final.

As described in response to Question __ on page ___, if the Settlement becomes final, you will also give up the right to start, continue with, maintain or participate in a lawsuit, arbitration, regulatory proceeding, remediation proceeding or other legal proceeding against Transamerica and related parties relating to the facts, transactions, circumstances, and claims that were or could have been asserted in the Consolidated Lawsuits. *See* Question ___ on page ___.

### GETTING MORE INFORMATION

| 25. Are there more details about the Settlement? |
|---|

Yes. This Notice summarizes the proposed Settlement. More details are contained in a formal agreement between the Plaintiffs and Transamerica called the Settlement Agreement. The full Settlement Agreement is on file with the Clerk of the Court. You can also view and download a copy from the Settlement website, or you can request a copy from the Settlement Administrator, at no cost to you. You may request a copy by mail, toll-free telephone, or e-mail.

Here is the Settlement Administrator's contact information for any inquiry concerning the Settlement, or for requesting a copy of or viewing and downloading the Settlement Agreement:

### SETTLEMENT ADMINISTRATOR CONTACT INFORMATION

| | |
|---|---|
| **By Mail** | [Settlement Administrator Name]<br>[Settlement Administrator Address] |
| **By Toll-Free Telephone** | [toll-free number] |
| **By E-mail** | [email address] |
| **Website** | [url] |

QUESTIONS? Call 1-800-xxx-xxxx Toll Free, E-Mail xxx@xxx.com, or Visit www.xxxx.com

|  |  |
|---|---|

| **26. How do I get more information?** |

You can write, call toll-free, or e-mail the Settlement Administrator about any questions you may have, using the contact information above. The Settlement Administrator can answer many questions and can provide certain key documents from the Court's file in this lawsuit, upon request, at no cost to you, including the Settlement Agreement and the Court's order preliminarily approving the Settlement. The Settlement Administrator's hours of operation are [hours, days, holidays]. After hours, you can leave a message and you will receive a prompt response.

You can also visit the Settlement website, [url], which will provide information about the lawsuit, Settlement, and Settlement approval process, including key deadlines for submissions of forms, requests to exclude and objections, and where certain key documents from the Court's file in this lawsuit will be available for viewing, downloading, and printing.

If the Settlement Administrator cannot answer your inquiry to your satisfaction, it will be forwarded to Class Counsel, who will personally respond to these inquiries in the order they are received, at no cost to you.

You can also view the contents of the entire public file for Consolidated Lawsuits and obtain copies (at your own expense) of any documents in the entire public file for those cases, through the Clerk of Court's copy service at ABC Digital Solutions, 312 N. Spring Street, Suite G-8, Los Angeles, CA 90012. The hours of operation are 8:30 a.m. to 4:00 p.m., Monday through Friday.