UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - IOWA PLAINTIFF'S EX PARTE APPLICATION TO INTERVENE AND TO RECONSIDER THE PRELIMINARY APPROVAL ORDER (Dkt. 411, filed November 5, 2018)

## I. INTRODUCTION

On February 28, 2016, plaintiffs Gordon Feller, Mary Feller, George Zacharia, and Margaret Zacharia filed a class action in this court seeking certification of a nationwide class against defendant Transamerica Life Insurance Company ("Transamerica"), challenging a monthly deduction rate ("MDR") increase imposed on holders of life insurance policies issued by Transamerica. Dkt. 1. The Court certified a national class on December 11, 2017. Dkt. 360 ("Class Cert."). The Court granted the parties' motion for preliminary approval of a proposed nationwide class action settlement and preliminary certification of settlement class on October 5, 2018. Dkt. 404 ("Pre. Appr. Order"). The Court granted a joint stipulation to amend the Preliminary Approval Order on November 2, 2018. Dkt. 410.

On November 5, 2018, Suzanne Fairlie filed the instant ex parte application to intervene for the purpose of moving to reconsider the Preliminary Approval Order. Dkt. 411 ("Interv. Appl."). Plaintiffs filed an opposition to the ex parte application on November 7, 2018, dkt. 413 ("P. Opp'n"), as did defendant, dkt. 415 ("D. Opp'n"). Fairlie filed a reply on November 8, 2018. ("Reply").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

## II. BACKGROUND

### A. The Feller Matter

The Feller matter is the consolidation of three cases, which all challenged defendant's MDR increase imposed on holders of life insurance policies issued by Transamerica. In addition to the suit filed by Gordon Feller, Mary Feller, George Zacharia, and Margaret Zacharia, on March 25, 2016, Andrew Kriegman filed a second class action case in the Southern District of Florida challenging Transamerica's same MDR increase. Kriegman v. Transamerica Life Insurance Company, Case No. 1:16-cv-21074. On April 25, 2016, Gail and Lois Thompson filed a third class action in the Southern District of California. Thompson v. Transamerica Life Insurance Company, Case No. 3:16-cv-1007. Both Kriegman and the Thompsons sought certification of a nationwide class.

On June 10, 2016, plaintiffs filed a Consolidated Amended Class Action Complaint in this Court. Dkt. 68. On August 18, 2017, plaintiffs filed a Second Consolidated Amended Class Action Complaint. Dkt. 293 ("SAC"). In the SAC, Gordon Feller, Mary Feller, Gerald Lyons, Donna M., Clarence White, Gail Thompson, individually and under a power of attorney for Lois Thompson, Andrew Kriegman, as trustee for the Adrienne L. Hendler Revocable Trust, the Elizabeth Kriegman Revocable Trust, the Patricia Sokolow Revocable Trust, and Eric Schneck, as trustee for the Burton I. Schneck Irrevocable Life Insurance Trust, asserted seven claims against Transamerica on behalf of themselves and all others similarly situated. Id. Specifically, the complaint alleged claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) tortious breach of the duty of good faith and fair dealing; (4) violation of California's Unfair Competition Law ("UCL"), pursuant to Cal. Bus. & Prof. Code §§ 17200, et seq.; (5) declaratory relief; (6) preliminary and permanent injunctive relief; and (7) elder abuse, pursuant to Cal. Welf. & Inst. Code §§ 15657.5, et seq. Id.

On May 22, 2017, plaintiffs filed a motion for class certification, appointment of class representatives, and appointment of class counsel. Dkt. 275. They filed their memorandum in support of this motion on September 6, 2017. Dkt. 307 ("Class Motion"). The Court granted class certification on December 11, 2017, certifying a national class, a California subclass, and a California senior subclass. Class Cert. at 30 – 31. The national class included "all persons who own an in-force Policy for which the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

MDR increase imposed by Transamerica beginning August 1, 2015, has resulted or will result in higher Monthly Deduction charges than those applicable under the rate schedule in effect before that date." Id. at 31. Defendant filed a petition to appeal, which the Ninth Circuit granted on March 27, 2018. Dkt. 368

While the appeal was pending, the parties agreed to the settlement that is the subject of this case. The parties moved for this Court to grant a preliminary approval of a proposed nationwide class action settlement agreement on October 4, 2018. Dkt. 399. The Proposed Settlement, if approved, would resolve all claims alleged in the aforementioned three, consolidated cases, as well as two additional cases: Gerald R. Lyons v. Transamerica Life Insurance Company, No. 8:16-cv-00973-CAS-AJW, filed on May 26, 2016, and Donna M. White and Clarence E. White v. Transamerica Life Insurance Company, No. 2:16-cv-03578-CAS-AJW, filed on May 23, 2016. Pre. Appr. Order at 1. The Proposed Settlement class includes "all persons or entities who own or owned a Policy encompassed by the MDR Increases during the Class Period"—whether that policy remained in-force or had been previously terminated. Dk. 401, Ex. 1 ("Prop. Settlement") ¶ 61. The Proposed Settlement establishes a common settlement fund in the amount of $195 million, and in-force and terminated policy holders would both receive their share of the common fund, in an amount not less than $100 per class policy. Id. ¶ 69. The Proposed Settlement also included, *inter alia*, notice, opt-out, and release provisions. Id. at 16 – 22. The parties advised that they reached this proposed settlement agreement only after months of arms-length negotiations, moderated by an experienced mediator at JAMS. Id. ¶ 14.

The Court issued an order preliminarily approving the settlement on October 5, 2018. As part of that order, the Court issued a stay, which enjoins all settlement class members from pursuing or participating in cases with claims or causes of action (1) related to those in the consolidated Feller action or (2) released by the Settlement Agreement. Pre. Appr. Order ¶ 19.

### B. The Fairile Matter

Suzanne Fairlie and her terminated co-plaintiff filed suit against defendant Transamerica on March 29, 2018 in the Northern District of Iowa. Case No. 1:18-cv-00032-LTS-MAR Dkt. 1. Fairlie claims to represent a putative national class of plaintiffs with terminated Transamerica life insurance policies. Id. Following this Court's issuance

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

of the Preliminary Approval Order, which included the stay provision, defendant filed a motion to stay discovery and case proceedings in the case pending in Iowa. Fairlie filed the instant ex parte application to intervene in the Feller matter on November 5, 2018. The Magistrate Judge assigned to the case in the Northern District of Iowa granted defendant's stay on November 14, 2018. Case No. 1:18-cv-00032-LTS-MAR Dkt. 37. In staying the case, the Magistrate Judge explained that "staying the case would not unduly prejudice or present a clear tactical disadvantage to Plaintiff, as the non-moving party. While the stay is pending in this matter, Feller will proceed toward resolution in a forum where Plaintiff, or her class representatives, can assert arguments regarding the fairness and propriety of the proposed settlement." Id. at 5.

### C. The Instant Motion to Intervene

Fairlie argues that she is entitled to intervene as of right because her motion is timely, because the Court's Preliminary Approval Order "threatens" to stay the Iowa litigation, and because the settlement that was negotiated is unfair for terminated policyholders. Interv. Appl. at 6.[1] Fairlie further contends that her interests "are not being adequately represented here because the three certified representatives of the in-force class . . . have negotiated an unfair proposed settlement that is intended to release the valuable claims by Ms. Fairlie and the other terminated policyholders." Id. at 7. Fairlie asks the Court to grant her motion to intervene and to reconsider the stay provision in the Preliminary Approval Order, as well as the proposed class notice provision. Id. at 1. Fairlie argues that the proposed class notice inadequately informs the settlement class about the negotiation process, as well as the potential recoveries for terminated policyholders, like Fairlie. Id. at 16.

Plaintiffs and defendant both oppose Fairlie's ex parte application. Defendant asserts that, "Fairlie's application to intervene for the express purpose of requesting reconsideration of the Preliminary Approval Order is an improper end run around the procedural mechanisms in the Preliminary Approval Order and Rule 23, which afford her adequate protections by permitting her to lodge her objections or opt out of the settlement." D. Opp'n at 6. Defendant also calls Fairlie's motion untimely, because

---

[1] At the time Fairlie filed her application to intervene, defendant had moved to stay the Iowa litigation, but the Magistrate Judge had not yet ruled on the matter. The case is now stayed, pursuant to the district court's November 14, 2018 order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

Fairlie could have sought to intervene in 2017, as opposed to filing the separate Iowa action.  Id. at 5.  Plaintiffs concur with defendant and argue that "the proper procedure is for Fairlie (a) to decide whether or not to remain in the Settlement Class, and (b) to object if she decides not to opt out."  P. Opp'n at 10.  Plaintiffs further refute Fairlie's contention that plaintiffs' counsel was not authorized to negotiate settlement terms on behalf of terminated policyholders, like Fairlie, who were not included in the certified class.  Id. at 13.  "Proposed class settlements are routinely negotiated by plaintiffs' counsel and submitted for approval before any litigation class has been certified," plaintiffs assert.  Id.

## III. LEGAL STANDARDS

The Federal Rules of Civil Procedure permit a class member to "intervene and present claims or defenses, or to otherwise come into the action."  Fed. R. Civ. P. 23(d)(B)(iii).  A person may intervene as of right where (1) a federal statute provides an unconditional right to intervene or (2) where the individual "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  Fed. R. Civ. P. 24(a).  The Ninth Circuit requires a movant to demonstrate four factors in order to intervene as of right:  "(1) it has a significant protectable interest relating to the subject of the action; (2) the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; (3) the application is timely; and (4) the existing parties may not adequately represent its interest."  Peruta v. Cty. of San Diego, 824 F.3d 919, 940 (9th Cir. 2016), cert. denied sub nom. Peruta v. California, 137 S. Ct. 1995 (2017) (citations omitted); see also Chamness v. Bowen, 722 F.3d 1110, 1121 (9th Cir. 2013) ("[I]t is incumbent on [t]he party seeking to intervene [to show] that all the requirements for intervention have been met.") (quotations omitted).

Courts construe Rule 24(a) broadly, in favor of the proposed intervenor.  In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., 894 F.3d 1030, 1037 (9th Cir. 2018).  However, a movant's "failure to satisfy any one of the requirements is fatal to the application, and we need not reach the remaining elements if one of the elements is not satisfied."  Perry v. Proposition 8 Official Proponents, 587 F.3d 947, 950 (9th Cir. 2009).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

## IV. DISCUSSION

### A. Significant Protectable Interest

As a terminated policy holder, Fairlie is a member of this class, and thus Fairlie has a significant protectable interest in this case. See In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 2672 CRB (JSC), 2016 WL 4376623, at *3 (N.D. Cal. Aug. 17, 2016), appeal dismissed sub nom. In re Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 16-16731, 2018 WL 4619071 (9th Cir. July 9, 2018); see also Cohorst v. BRE Props., Inc., 2011 WL 3489781, at *4 (S.D. Cal. July 19, 2011), report and recommendation adopted, 2011 WL 3475274 (S.D. Cal. Aug. 5, 2011) ("[S]ince [the putative intervenor] is a class member there is no dispute that she has a significant protectable interest relating to the property or transaction that is the subject of this action. As a class member she has a clear relationship between her claims and those of the class."). Fairlie has also brought a second putative class action, which has been stayed pursuant to this Court's Preliminary Approval Order. Accordingly, Fairlie demonstrates that she has a significant protectable interest.

### B. Practical Impairment of Fairlie's Ability to Protect her Interests

Although Fairlie demonstrates a significant protectable interest, she fails to demonstrate that intervention is necessary in order to protect her interests. Nearly two years into this class action, Fairlie seeks to intervene in order to object to the terms of the Proposed Settlement—a proposed settlement that resulted from months of arms-length negotiations. Prop. Settlement ¶ 14. However, the Court finds, as many district courts have found, that Fairlie need not intervene in order to raise her concerns: "As a putative class member, the Proposed Intervenor has two other options that would protect [her] interests: (1) voice [her] concerns prior to final settlement approval and (2) opt out of the Settlement Agreement and continue to litigate his claims separately." Cody v. SoulCycle, Inc., No. CV 15-06457-MWF (JEMx), 2017 WL 8811114, at *3 (C.D. Cal. Sept. 20, 2017) (citing Fed. R. Civ. P. 23(c)(2), (e)(2)); Alaniz v. California Processors, Inc., 73 F.R.D. 269, 289 (N.D. Cal. 1976); see also Zepeda v. PayPal, Inc., No. 10-CV-02500 SBA (JCS), 2014 WL 1653246, at *4 (N.D. Cal. Apr. 23, 2014), objections overruled, No. C 10-1668 SBA, 2014 WL 4354386 (N.D. Cal. Sept. 2, 2014) (explaining that "courts have frequently denied intervention in the class action settlement context,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 16-cv-01378 CAS (GJSx) | Date | November 16, 2018 |
|---|---|---|---|
| Title | GORDON AND MARY FELLER ET AL. V. TRANSAMERICA LIFE INSURANCE COMPANY | | |

citing concerns about prejudice, as well as putative interveners' ability to protect their interests by less disruptive means, such as opting out of the settlement class or participating in the fairness hearing process").

In this case, the Proposed Settlement outlines clear procedures by which a class member may object to its terms. See Pre. Appr. Order ¶¶ 9 – 13. Accordingly, Fairlie has not demonstrated that she must intervene to protect her interests; she can voice settlement objections pursuant to the terms of the Proposed Settlement agreement. In re: Volkswagen "Clean Diesel" Mktg., Sales Practices, & Prod. Liab. Litig., No. 2672 CRB (JSC), 2016 WL 4376623, at *1 (N.D. Cal. Aug. 17, 2016) ("[The proposed intervenor] does not need to intervene to object to the Settlement; he may do so in accordance with the terms of the Settlement."). Alternatively, if she so chooses, Fairlie may elect to opt out of the Feller class settlement and pursue her claims separately. These two options "adequately protect" Fairlie's interests. Id. at 4.

Having found that Fairlie has not demonstrated a practical impairment to protecting her interests, the Court need not consider the additional Rule 24(a) factors. Perry, 587 F.3d at 950. Fairlie's ex parte application to intervene is therefore **DENIED.** Having denied the ex parte application to intervene, the Court need not reach Fairlie's motion to reconsider the Preliminary Approval Order. Fairlie may raise any concerns she has about the Proposed Settlement in accordance with the objection procedures outlined in the Preliminary Approval Order.

## V. CONCLUSION

In accordance with the foregoing, Fairlie's ex parte application to intervene is **DENIED**. The associated motion to reconsider the Preliminary Approval Order is also **DENIED** as moot.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |